IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMANTHA SANDERS | § | |
| | § | |
| VS. | § | |
| | § | |
| CAMBRIAN CONSULTANTS (CC) | § | C.A. NO. 4:15-CV-680 |
| AMERICA, INC. d/b/a RPS, | § | |
| WESTERNGECO, L.L.C. and | § | |
| VOLSTAD MARITIME AS | § | |

## VOLSTAD MARITIME AS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant, Volstad Maritime AS (hereinafter "Volstad" or "Defendant"), and pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), hereby gives notice of removal of this case from the 215th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, because:

a.   General maritime claims are removable and within the federal district court's original jurisdiction.  28 U.S.C. § 1333; 28 U.S.C. § 1441(a).

b.   Plaintiff's joinder of Jones Act claims is improper because, as a marine mammal observer, Plaintiff is not a Jones Act seaman as a matter of law.  See, *e.g.*, *Chauvin v. FURGO-GEOTEAM SA*, 2007 WL 2265233 (E.D. La. Aug. 1, 2007).

c.   Finally, while Defendant is not removing Plaintiff's suit on this basis, there is complete diversity of the parties.

Defendant respectfully submits the following in support of its removal:

## I.    INTRODUCTION

1.    On August 11, 2014, Samantha Sanders ("Plaintiff"), a citizen of Alabama, filed suit against RPS Group, PLC; Schlumberger, Ltd.; and, WesternGeco AS in the District Court of Harris County, Texas, asserting claims under the Jones Act and general maritime law alleging she sustained personal injuries during the course and scope of her service as a marine mammal observer on the M/V GECO TAU on or about October 1, 2013.  The case was assigned Cause No. 2014-46060 in the 215th Judicial District Court.

2.    Plaintiff subsequently amended her petition multiple times to join additional entities, and has also nonsuited certain named parties.  Accordingly, the Defendants in the state court action at this time are (1) Cambrian Consultants (CC) America, Inc. d/b/a RPS ("RPS"); (2) WesternGeco, L.L.C. ("WesternGeco"); and, (3) Volstad Maritime AS.

3.    The clerk for the 215th Judicial District Court does not have any record of the date that any Defendant in the state court action was served with process.  However, based on the state court's docket, RPS appeared on November 3, 2014, and WesternGeco appeared on November 17, 2014.

4.    Volstad was served with Plaintiff's Second Amended Petition on February 11, 2015.[1]  Accordingly, Volstad's notice of removal is timely filed within the 30-day time period required by 28 U.S.C. § 1446.  See also *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 680543 at *2-3 (S.D. Tex. Dec. 20, 2013) ("[E]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal.").  Further, all other properly joined Defendants consent to removal of this action.[2]  See 28 U.S.C. § 1446(b)(2)(C).

---

[1]    See Ex. B, copy of service of process.
[2]    See Ex. G, Co-Defendants' Consent to Removal.

## II.     BASES FOR REMOVAL

5.     Removal of this action is proper in light of the following points:

**a.     General maritime claims are removable and within the federal district court's original jurisdiction.**

6.     The removal statute contained at 28 U.S.C. § 1441 states plainly, in pertinent part:

(a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Maritime claims fall within the original jurisdiction of the federal courts.  See *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co*., 513 U.S. 527, 531 (1995) ("A federal court's authority to hear cases in admiralty flows initially from the Constitution, which 'extend[s]' federal judicial power 'to all Cases of admiralty and maritime Jurisdiction.'" (citing to U.S. Const., art. III, § 2)); see also 28 U.S.C. § 1333.

**b.     Plaintiff's joinder of Jones Act claims is improper because, as a marine mammal observer, Plaintiff is not a Jones Act seaman as a matter of law.**

7.     Plaintiff mistakenly claims to be a seaman entitled to bring suit pursuant to the Jones Act.  The essential requirements for Jones Act seaman status are: (1) "the employee's duties must contribut[e] to the function of the vessel or to the accomplishment of the vessel's mission"; and, (2) the employee "must have a connection to a vessel in navigation ... that is substantial in terms of both its duration and its nature."  *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997) (quotations and citations omitted).

8.     Plaintiff's position aboard the M/V GECO TAU was as a statutorily required marine mammal observer ("MMO").  Courts have consistently found that observers are not Jones Act seamen.  For example, in *Chauvin v. FURGO-GEOTEAM SA*, 2007 WL 2265233 (E.D. La.

Aug. 1, 2007), the court dismissed a plaintiff's Jones Act lawsuit where the vessel at issue was "required by the government to have persons certified as Marine Mammal Observers (MMO) aboard. The sole function of these MMO personnel is to search for whales, porpoises, dolphins, and other marine animals, and if necessary, to stop the seismic testing while these animals are within the ship's range." *Id*. at *1. The Court then noted that the plaintiff observer "was hired and acted solely in the role of an MMO, recording the locations and descriptions of certain marine mammals and warning the crew if these mammals were in range of the [vessel]." *Id*. The Court concluded that because plaintiff was merely an observer on a vessel, and not contributing to the ship's work, she was not a seaman. See also *Mason v. Alaskan Observers, Inc*., 2003 A.M.C. 2555 (W.D. Wash. Aug. 29, 2003) (holding marine observer not a Jones Act seaman); *Belcher v. Sundad, Inc*., 2008 WL 2937258 (D.Or. July 18, 2008) (same premise); and, *O'Boyle v. U.S*., 993 F.2d 211 (11th Cir. 1993) (same premise).

9.    Further, the 1996 re-authorization of the Magnuson-Stevens Fishery Conservation and Management Act and the Sustainable Fisheries Act provides as follows at 16 U.S.C. § 1881b(c):

> An observer on a vessel and under contract to carry out responsibilities under this chapter or the Marine Mammal Protection Act of 1972 (16 U.S.C. 1361 et seq.) shall be deemed to be a Federal employee for the purpose of compensation under the Federal Employee Compensation Act (5 U.S.C. 8101 et seq.).

In sum, Plaintiff's Jones Act allegations are improper and do not bar removal.

**c.    There is complete diversity of parties.**

10.    As an additional consideration, Defendant notes that federal courts would have proper subject matter jurisdiction of this case, given there is complete diversity of citizenship between the parties in this action. See *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079 (5th Cir. 2008) ("Complete diversity requires that all persons on one side of the controversy be

citizens of different states than all persons on the other side.").  More particularly, Plaintiff is a

citizen of Alabama and has alleged that the Defendants are citizens of the following forums:

- Cambrian Consultants (CC) America, Inc. d/b/a RPS is a Texas corporation;

- WesternGeco, L.L.C. is a company with offices in Texas; and,

- Volstad Maritime AS is a Norwegian entity.[3]

**d.     Additional bases for removal and Local Rule requirements.**

11.     Venue is proper in this district because this district and division embrace the place in

which the removed action has been pending.  28 U.S.C. § 1441(a).

12.     Pursuant to Southern District of Texas Local Rule 81, Defendant is also filing the

following documents with the Court:

- an index of matters being filed with this notice is attached as Exhibit A;

- a copy of all (available) process is attached as Exhibit B;[4]

- all pleadings asserting causes of action and all answers in the state court action
  with Cause No. 2014-46060 are attached as Exhibit C;

- a copy of all orders signed by the state court judge is attached as Exhibit D; and,

- a copy of the docket in the   state court action with Cause No. 2014-46060 is
  attached to this notice as Exhibit E;

- a list of all counsel of record, including addresses, telephone numbers, and parties
  represented in the state court case is attached as Exhibit F.

13.     Defendant will promptly file a copy of this Notice of Removal with the clerk of

---

[3]     See Plaintiff's Fourth Amended Petition at ¶ 6, ¶9 and ¶10, available at Ex. C.  Defendant would note that with respect to WesternGeco, Plaintiff's only allegation regarding its citizenship is that it "is headquartered in Houston, Texas."  Defendant's research revealed that WesternGeco was formed under the laws of Delaware.  (Defendant hereby requests that the Court take judicial notice that the Texas Secretary of State records regarding WesternGeco LLC's state of formation, available at http://tinyurl.com/n8s9oyp.)  In any event, regardless of which state (Texas or Delaware) WesternGeco is considered to be a citizen of, complete diversity remains because no Defendant is a citizen of the same state as Plaintiff  (i.e., Alabama).

[4]     Defendant would again note that the state court clerk does not have proof of service of citation on file for any entity named herein.  See Services section of Ex. E, the state court docket.  Accordingly, Defendant is only able to include the process served on Volstad.

the state court in which the action is then pending.

      14.    Plaintiff did demand a trial by jury in the state court action.

Respectfully submitted,

*/s/ Robert L. Klawetter*

Robert L. Klawetter
State Bar No. 11554700
Federal I.D. No. 2471
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
Federal I.D. No. 25142
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant*
*Volstad Maritime AS*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **13** day of **March, 2015**.

*<u>CM/RRR# 7012 3460 0002 4110 2894</u>*
Michael E. Pierce
M. Paul Skrabanek
Pierce Chapman Skrabanek Bruera, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098

*<u>CM/RRR# 7012 3460 0002 4110 2900</u>*
Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002

*<u>CM/RRR# 7012 3460 0002 4110 2917</u>*
Michael D. Mitchell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002

*/s/ Robert L. Klawetter*
Robert L. Klawetter