# EXHIBIT C

8/11/2014 5:22:14 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 2121162
By: DEWALT, SHERRYL

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ | COURT *(FOR CLERK USE ONLY)*: _____ |

STYLED Samantha Sanders v. RPS Group, PLC, WesternGeco AS, and Schlumberger, Ltd.

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: M. Paul Skrabanek | Email: paul@pcsblaw.com | Plaintiff(s)/Petitioner(s): Samantha Sanders | ☐ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address: 3701 Kirby Dr., Suite 760 | Telephone: 832-690-7000 | Defendant(s)/Respondent(s): RPS Group, PLC | Additional Parties in Child Support Case:<br>Custodial Parent: |
| City/State/Zip: Houston, TX 77098 | Fax: 832-575-4840 | WesternGeco AS | Non-Custodial Parent: |
| Signature: /s/M. Paul Skrabanek | State Bar No: 24063005 | Schlumberger, Ltd. | Presumed Father: |

[Attach additional page as necessary to list all parties]

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: ____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: ____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: ____ | ☐ Other Professional Liability<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product: ____<br>● Other Injury or Damage: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: ____ | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order | |
| | | | **Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: ____ | **Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: ____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: ____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: ____ | | |
| **Tax** | | *Probate & Mental Health* | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: ____ | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

6/11/2014 5:22:14 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2121162
By: Sherryl Dewalt

CAUSE NO. _____

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| RPS Group, PLC, WesternGeco AS, and | § | |
| Schlumberger, Ltd. | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION

Plaintiff complains of Defendants RPS Group, PLC, WesternGeco AS, and Schlumberger, Ltd. (collectively "Defendants") and would respectfully show the Court that:

### I.

### Jurisdiction

1.     This Court has jurisdiction under the Savings to Suitors clause.  28 U.S.C. § 1333.  Further, is well-settled that this Jones Act case is not removable.  *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### II.

### Venue

2.     Venue is proper in this District because Defendants are residents of this County.

### III.

### Discovery Level

3.     Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## IV.

### Parties

4.      Plaintiff is an American seaman and is a resident of Alabama.

5.      Defendant RPS Group, PLC is a Texas company that may be served through its office at 411 North Sam Houston Parkway, Suite 400, Houston, Texas 77060.

6.      Defendant Schlumberger, Ltd. is a Texas company that may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.      Defendant WesternGeco AS is a subsidiary of Schlumberger, Ltd. and is headquartered in Houston, Texas.  It may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## V.

### Nature of the Action

8.      On or about October 1, 2013, Plaintiff was employed by RPS aboard the vessel Volstad Tau, which was owned, operated and/or managed by WesternGeco and Schlumberger under a time charter.  While the Volstad Tau was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was sexually assaulted by the captain of the vessel.  Prior to this time, Plaintiff's co-worker was also the victim of sexual advances by the captain.  On October 1, 2013, the captain grabbed Plaintiff from behind and began rubbing against her.  Plaintiff immediately rebuffed the advances.  After approaching management at both RPS and WesternGeco, the captain again made advances on Plaintiff on October 8, 2013.  This time the captain attempted to kiss Plaintiff.  Again, management turned a blind eye.  Ultimately,

Plaintiff was finally taken off the vessel.

9.      Defendants were negligent and grossly negligent for the following reasons:

   a.      failure to properly supervise its crew;

   b.      failure to properly train its employees;

   c.      failure to provide an adequate crew;

   d.      failure to adequately screen the captain;

   e.      failure to take timely action upon notice the captain was sexually harassing female crewmembers;

   f.      failure to prudently supervise the job;

   g.      operating the vessel in an improper and unsafe manner;

   i.      vicariously liable for their employees' negligence and gross negligence; and

   h.      other acts deemed negligent and grossly negligent.

10.     At all relevant times, the Volstad Tau was unseaworthy.

11.     As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress.

12.     Plaintiff sustained injuries, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Defendant has failed to pay.  Plaintiff seeks punitive damages against Defendant for arbitrarily and

improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

13. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent. Defendant acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendant was subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendant had Plaintiff and other crewmembers continue working despite the dangerous conditions that were posed to them. Defendant did so knowing that the conditions posed dangerous and grave safety concerns. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.

### Jury Trial

14. Plaintiff hereby requests a trial by jury on all claims.

## VII.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled, which includes but is not limited to:

4

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future maintenance and cure;

- Exemplary damages; and

- Attorneys' fees

Respectfully submitted,

**PIERCE CHAPMAN
SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*
_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
            paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

9/26/2014 3:48:07 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2642012
By: Deandra Mosley

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| RPS Group, PLC, WesternGeco AS, | § | |
| WesternGeco, LLC and Schlumberger, | § | |
| Ltd. | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

## FIRST AMENDED PETITION

Plaintiff complains of Defendants RPS Group, PLC, WesternGeco AS, and Schlumberger, Ltd. (collectively "Defendants") and would respectfully show the Court that:

## I.

### Jurisdiction

1.      This Court has jurisdiction under the Savings to Suitors clause.  28 U.S.C. § 1333.  Further, is well-settled that this Jones Act case is not removable.  *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

## II.

### Venue

2.      Venue is proper in this District because Defendants are residents of this County.

## III.

### Discovery Level

3.      Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## IV.

### Parties

4.      Plaintiff is an American seaman and is a resident of Alabama.

5.      Defendant RPS Group, PLC is a Texas company that may be served through its office at 411 North Sam Houston Parkway, Suite 400, Houston, Texas 77060.

6.      Defendant Schlumberger, Ltd. is a Texas company that may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.      Defendant WesternGeco AS is a subsidiary of Schlumberger, Ltd. and is headquartered in Houston, Texas.  It may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.      Defendant WesternGeco LLC is a subsidiary of Schlumberger, Ltd and is headquartered in Houston, Texas. It may be served through its office at 10001 Richmond Ave, Houston, Texas 77042.

## V.

### Nature of the Action

9.      On or about October 1, 2013, Plaintiff was employed by RPS aboard the vessel Geco Tau, which was owned, operated and/or managed by WesternGeco and Schlumberger under a time charter.  While the Geco Tau was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was sexually assaulted by the captain of the vessel.  Prior to this time, Plaintiff's co-worker was also the victim of sexual advances by the captain.  On October 1, 2013, the captain grabbed Plaintiff from behind and began rubbing against her.  Plaintiff immediately

rebuffed the advances.  After approaching management at both RPS and WesternGeco, the captain again made advances on Plaintiff on October 8, 2013.  This time the captain attempted to kiss Plaintiff.  Again, management turned a blind eye.  Ultimately, Plaintiff was finally taken off the vessel.

10.    Defendants were negligent and grossly negligent for the following reasons:

    a.    failure to properly supervise its crew;

    b.    failure to properly train its employees;

    c.    failure to provide an adequate crew;

    d.    failure to adequately screen the captain;

    e.    failure to take timely action upon notice the captain was sexually harassing female crewmembers;

    f.    failure to prudently supervise the job;

    g.    operating the vessel in an improper and unsafe manner;

    i.    vicariously liable for their employees' negligence and gross negligence; and

    h.    other acts deemed negligent and grossly negligent.

11.    At all relevant times, the Volstad Tau was unseaworthy.

12.    As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress.

13.    Plaintiff sustained injuries, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff

has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Defendant has failed to pay.  Plaintiff seeks punitive damages against Defendant for arbitrarily and improperly denying maintenance and cure.   Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

14.     Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent.  Defendant acted with flagrant and malicious disregard of Plaintiff's health and safety.  Defendant was subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them.  Instead, Defendant had Plaintiff and other crewmembers continue working despite the dangerous conditions that were posed to them.  Defendant did so knowing that the conditions posed dangerous and grave safety concerns.  Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

**VI.**

**Jury Trial**

15.     Plaintiff hereby requests a trial by jury on all claims.

**VII.**

**Prayer**

4

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled, which includes but is not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future maintenance and cure;

- Exemplary damages; and

- Attorneys' fees

Respectfully submitted,

**PIERCE CHAPMAN
SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____

MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
       paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

9/29/2014 5:01:57 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2661027
By: Deandra Mosley

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| RPS Group, PLC, WesternGeco AS, | § | |
| WesternGeco, LLC, Schlumberger, | § | |
| Ltd and Volstad Maritime AS | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

## SECOND AMENDED PETITION

Plaintiff complains of Defendants RPS Group, PLC, WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and Volstad Maritime AS (collectively "Defendants") and would respectfully show the Court that:

### I.

### Jurisdiction

1.     This Court has jurisdiction under the Savings to Suitors clause.  28 U.S.C. § 1333.  Further, is well-settled that this Jones Act case is not removable.  *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### II.

### Venue

2.     Venue is proper in this District because Defendants are residents of this County.

### III.

### Discovery Level

3.     Discovery in this matter may be conducted under Level 3 of the Texas Rules

1

of Civil Procedure.

## IV.

### Parties

4.     Plaintiff is an American seaman and is a resident of Alabama.

5.     Defendant RPS Group, PLC is a Texas company that may be served through its office at 411 North Sam Houston Parkway, Suite 400, Houston, Texas 77060.

6.     Defendant Schlumberger, Ltd. is a Texas company that has been served and has made an appearance in this case.

7.     Defendant WesternGeco AS is a subsidiary of Schlumberger, Ltd. and is headquartered in Houston, Texas.  It may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.     Defendant WesternGeco LLC is a subsidiary of Schlumberger, Ltd and is headquartered in Houston, Texas. It may be served through its office at 10001 Richmond Ave, Houston, Texas 77042.

9.     Defendant Volstad Maritime AS is a Norwegian company that is headquartered at Klaus Nilsensgt. 6  P.O. Box 1137 Sentrum  6001 Aalesund.

## V.

### Nature of the Action

10.   On or about October 1, 2013, Plaintiff was employed by RPS Group, PLC aboard the vessel Geco Tau, which was owned, operated and/or managed by WesternGeco, Schlumberger and Volstad Maritime AS under a time charter.  While the Geco Tau was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was sexually assaulted by the captain of the vessel. The

2

captain was employed by Volstad Maritime AS at the time of the incident.  Prior to this time, Plaintiff's co-worker was also the victim of sexual advances by the captain.  On October 1, 2013, the captain grabbed Plaintiff from behind and began rubbing against her.  Plaintiff immediately rebuffed the advances.  After approaching management at both RPS and WesternGeco, the captain again made advances on Plaintiff on October 8, 2013.  This time the captain attempted to kiss Plaintiff.  Again, management turned a blind eye.  Ultimately, Plaintiff was finally taken off the vessel.

11.     Defendants were negligent and grossly negligent for the following reasons:

    a.      failure to properly supervise its crew;

    b.      failure to properly train its employees;

    c.      failure to provide an adequate crew;

    d.      failure to adequately screen the captain;

    e.      failure to take timely action upon notice the captain was sexually harassing female crewmembers;

    f.      failure to prudently supervise the job;

    g.      operating the vessel in an improper and unsafe manner;

    i.      vicariously liable for their employees' negligence and gross negligence; and

    h.      other acts deemed negligent and grossly negligent.

12.     At all relevant times, the Geco Tau was unseaworthy.

13.     As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress.

14.     Plaintiff sustained injuries, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment,

discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Defendant has failed to pay.  Plaintiff seeks punitive damages against Defendant for arbitrarily and improperly denying maintenance and cure.   Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

15.     Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent.  Defendant acted with flagrant and malicious disregard of Plaintiff's health and safety.  Defendant was subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them.  Instead, Defendant had Plaintiff and other crewmembers continue working despite the dangerous conditions that were posed to them.  Defendant did so knowing that the conditions posed dangerous and grave safety concerns.  Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.

### Jury Trial

16.     Plaintiff hereby requests a trial by jury on all claims.

## VII.

### Prayer

4

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled, which includes but is not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future maintenance and cure;

- Exemplary damages; and

- Attorneys' fees

5

Respectfully submitted,

**PIERCE CHAPMAN**
**SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*
_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
         paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendant Schlumberger N.V.***

_/s/ M. Paul Skrabanek_____
M. Paul Skrabanek

9/29/2014 9:30:50 AM
Chris Daniel - District Clerk Harris County
Envelope No. 2648031
By: GAYLE FULLER

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| SAMANTHA SANDERS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| RPS GROUP, PLC, WESTERNGECO, | § | |
| L.L.C., WESTERNGECO AS, | § | |
| and SCHLUMBERGER, LTD. | § | 215th JUDICIAL DISTRICT COURT |

**DEFENDANT SCHLUMBERGER N.V.'S (SCHLUMBERGER LIMITED) ORIGINAL
ANSWER, AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS TO
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**

Defendant Schlumberger N.V. known as Schlumberger Limited (hereinafter referred to as "Schlumberger"), files this, its Original Answer, Affirmative Defenses, and Special Exceptions to Plaintiff Samantha Sanders's ("Plaintiff") First Amended Original Petition, and in support thereof would show the Court as follows:

## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

### I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Schlumberger denies each and every allegation contained in Plaintiff's First Amended Original Petition, including any amendments or supplements to such allegations (collectively "Petition"). Schlumberger demands strict proof of such allegations by a preponderance of the evidence, as required by the Constitution and laws of the State of Texas.

### II.    SPECIAL DENIAL

Schlumberger denies that the conditions precedent to recovery have occurred.

### III.    AFFIRMATIVE DEFENSES

By way of further Answer, if such be necessary, Schlumberger hereby pleads the following Affirmative Defenses, which are pled in the alternative, but only to the extent necessary:

a.      **Failure to State a Claim.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff fails to state a claim or cause of action upon which relief can be granted.

b.      **Plaintiff is not a Seaman**. Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff was not a seaman within the meaning of the Jones Act or the general maritime law.

c.      **Federal Employee's Compensation Act.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff's sole remedy for work related injuries is provided by the Federal Employee's Compensation Act.

d.      **Schlumberger is not the Owner of Volstad Tau.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Schlumberger did not own, operate, maintain, or supervise the work or activities of the Vessel, which was owned, operated, controlled, and maintained by Volstad Seismic AS.

e.      **Third Parties.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff's damages, if any, were caused solely or in part by the negligence or fault of third parties for whom Schlumberger is not legally responsible.

f.      **Independent Cause.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that the damages sought by Plaintiff, if any, were proximately caused, in whole or in part, by independent, intervening, or superseding causes, including acts and omissions of others over whom Schlumberger had no control or right of control.

g.      **Mitigation.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff failed to mitigate her damages, in whole or in part, if any.

h.      **Denial of Agency.** Schlumberger further pleads, if such be necessary and pleading in the alternative, that the Captain of the Volstad Tau was not Schlumberger's agent or employee and Schlumberger is not liable for any of his conduct alleged to have occurred by Plaintiff.

i.     **Employer Status.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Schlumberger did not employ Plaintiff, is not an "employer" or "joint employer" of Plaintiff under any statute, rule, regulation, or precedent relevant to Plaintiff's claims for relief, and thus cannot be liable to Plaintiff.

j.     **Lack of Supervisory Duty.** Schlumberger further pleads, if such be necessary and pleading in the alternative, that Schlumberger did not supervise, direct, or control Plaintiff or the performance of Plaintiff's job duties for her employer at any time.

k.     **Credit for Maintenance and Cure.** Schlumberger further pleads, if such be necessary and pleading in the alternative, that to the extent that any party has paid maintenance and cure and/or worker's compensation benefits to or on behalf of Plaintiff, then a credit for all sums paid must be applied as an offset to Plaintiff's alleged damages.

l.     **Good Faith.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that it has conducted itself in good faith and had reasonable grounds for believing that it took no actions in violation of any law.

m.     **Election of Remedies.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are subject to election of remedies.

n.     **No Punitive Damages.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff is not entitled to any punitive damages since Schlumberger was not grossly negligent and there was no willful or wanton violation of any legal requirement attributable to Schlumberger.

o.     **Clear and Convincing Evidence.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claim for punitive damages is barred for one or more of the following reasons: (a) Plaintiff cannot prove by clear and convincing evidence that Schlumberger was grossly negligent, and (b) Schlumberger has neither acted nor failed to act

3

in any manner which entitles Plaintiff to recover punitive damages.

p.   **Offset.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's alleged damages, if any, must be reduced by an offset.

q.   **No Contract**. Schlumberger further pleads, if such be necessary, and pleading in the alternative, that there was no contract between itself and Plaintiff.

r.   **Standing**.   Schlumberger further pleads, if such be necessary, and pleading in the alternative that Plaintiff lacks standing to sue Schlumberger and that Schlumberger is not a proper party to this lawsuit.

s.   **Capacity.** Schlumberger further pleads, if such be necessary, and pleading in the alternative that Schlumberger is not liable in the capacity in which it was sued.

t.   **No Duty.** Schlumberger further pleads, if such be necessary, and pleading in the alternative that it owed no duty to Plaintiff.

u.   **No Proximate Cause.** Schlumberger further pleads, if such be necessary, and pleading in the alternative that any alleged negligence or gross negligence by Schlumberger was not the proximate cause of any alleged damages or harm claimed by Plaintiff.  Schlumberger also pleads, if such be necessary, and pleading in the alternative that any alleged damages or harm claimed by Plaintiff were not foreseeable.

v.   **No Damages.** Schlumberger further pleads, if such be necessary, and pleading in the alternative that Plaintiff has not been subjected to any monetary, emotional or psychological damages as a result of any alleged actions by Schlumberger

w.   **Additional Defenses.** Schlumberger expressly reserves the right to allege or assert additional affirmative defenses as revealed by discovery and further investigation in this case.

4

**REQUEST FOR DISCLOSURE**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose to Schlumberger's counsel the information or material listed in Rule 194.2 of the Texas Rules of Civil Procedure within thirty (30) days of service of this Request.

**DEFENDANT SCHLUMBERGER N.V.'S (SCHLUMBERGER LIMITED) SPECIAL EXCEPTIONS TO PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**

Defendant Schlumberger N.V. (Schlumberger Limited) (hereinafter referred to as "Schlumberger") files its Special Exceptions to Plaintiff's First Amended Original Petition ("Petition") pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, and in support thereof would respectfully show this Court as follows:

## I.     STANDARD OF REVIEW

The Texas Rules of Civil Procedure authorize the use of special exceptions to identify defects, omissions, or other insufficiency in the pleadings. *See* Tex. R. Civ. P. 91. Special exceptions may be used to question the sufficiency in law of a claim or cause of action. *See Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ). If a trial court sustains the special exceptions and the offending party refuses to amend, then summary judgment may be granted. *Freisenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) (citing *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974)).

## II.     SPECIAL EXCEPTIONS

Pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, Schlumberger specially excepts to the following portions of Plaintiff's First Amended Original Petition:

a.     **No Maximum Damages.** Schlumberger specially excepts to Plaintiff's First Amended Original Petition because Plaintiff failed to plead the maximum amount of damages sought from Schlumberger as required by Texas Rule of Civil Procedure 47(c). Rule 47

5

specifically provides "that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed." *See* TEX. R. CIV. P. 47(d). In accordance with Rule 47, Plaintiff may not conduct discovery until her pleading is amended to comply. *See id.* The Court should order Plaintiff to amend her First Amended Original Petition to assert a maximum amount of damages. Should Plaintiff fail to amend her First Amended Original Petition to address this defect, the Court should strike Plaintiff's First Amended Original Petition and dismiss Plaintiff's claims with prejudice.

      b.    **No Statement of Monetary Relief Sought.** Schlumberger specially excepts to Plaintiff's First Amended Original Petition because it does not include a statement of the monetary relief sought by Plaintiff as required by Rule 47(c) of the Texas Rules of Civil Procedure. The Court should order Plaintiff to amend her First Amended Original Petition to include a statement of the monetary relief she seeks. Should Plaintiff fail to amend her First Amended Original Petition to address this defect, the Court should strike Plaintiff's First Amended Original Petition and dismiss Plaintiff's claims with prejudice.

      c.    **Failure to State a Claim: Negligence.** Schlumberger specially excepts to Paragraphs Nos. 10, 12-15 of Plaintiff's First Amended Original Petition because Plaintiff fails to state a claim upon which relief can be granted against Schlumberger. Particularly, Plaintiff fails to provide allegations as to each element of the claim of negligence. A plaintiff may recover for injury on the theory of negligence when: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's damages. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Plaintiff's First Amended Original Petition is devoid of any allegations that Schlumberger (1) owed a legal duty to Plaintiff; (2) breached that duty; or that (3) Schlumberger's breach proximately caused the Plaintiff's damages. *Nabors*, 288 S.W.3d at 404. The Court should require Plaintiff to amend her

First Amended Original Petition to include factual allegations as to each element of Plaintiff's negligence claims against Schlumberger. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 10, 12-13 of Plaintiff's First Amended Original Petition and dismiss Plaintiff's negligence claim with prejudice.

      d.      **Failure to State a Claim: Gross Negligence.** Schlumberger specially excepts to Paragraphs Nos. 10, 12-13 of Plaintiff's First Amended Original Petition because Plaintiff fails to state a claim upon which relief can be granted. Particularly, Plaintiff fails to provide allegations as to each element of the claim of gross negligence against Schlumberger. "Gross negligence" means an act or omission by Schlumberger:  (a) which when viewed objectively from the standpoint of Schlumberger, at the time of its occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which Schlumberger had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff.  *See Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 77 (Tex. App.–Houston [1 Dist.] 2009, no pet.). Plaintiff's First Amended Original Petition is devoid of any allegations that Schlumberger committed any act or omission when viewed objectively from the standpoint of Schlumberger involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, or that Schlumberger committed any act or omission with conscious indifference to the rights, safety, or welfare of the Plaintiff. The Court should require Plaintiff to amend her First Amended Original Petition to include factual allegations as to each element of Plaintiff's gross negligence claims against Schlumberger. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 10, 12-13 of Plaintiff's First Amended Original Petition and dismiss Plaintiff's gross negligence claim with prejudice.

e. **Lack of Fair Notice: Maintenance and Cure.** Schlumberger specially excepts to Paragraph No. 13 of Plaintiff's First Amended Original Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against Schlumberger pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Specifically, Plaintiff alleges that "Defendant" failed to pay her maintenance and cure. It is unclear which of the defendants in this lawsuit Plaintiff is referring to. Plaintiff further alleges that she is seeking punitive damages against "Defendant." It is likewise unclear which of the defendants in this lawsuit Plaintiff is seeking punitive damages from. The Court should order Plaintiff to amend her First Amended Original Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 13 of Plaintiff's First Amended Original Petition.

f. **Lack of Fair Notice: Gross Negligence.** Plaintiff specially excepts to Paragraph No. 14 of Plaintiff's First Amended Original Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against Schlumberger pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Plaintiff uses the term "Defendant" throughout Paragraph No. 13 when discussing her gross negligence claim. It is unclear which of the defendants in this lawsuit Plaintiff's allegations are directed against. The Court should order Plaintiff to amend her First Amended Original Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 14 of Plaintiff's First Amended Original Petition.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Schlumberger N.V. (Schlumberger Limited) respectfully requests that the Court sustain its Special Exceptions and order that Plaintiff replead to cure her pleading defects, and, if Plaintiff fails to cure her pleading defects, strike the defective portions of Plaintiff's Petition and dismiss Plaintiff's claims against Schlumberger, Ltd. with prejudice.

8

Schlumberger also respectfully prays that Plaintiff take nothing; that Plaintiff's claims against Schlumberger be dismissed with prejudice; and that Schlumberger recover such further relief, both general and specific, at law and in equity, to which it may be justly entitled.

Dated: September 29, 2014

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ Michelle D. Pector
Michelle D. Pector
State Bar No. 24027726
mpector@bakerlaw.com
Cody T. Vasut
State Bar No. 24084012
cvasut@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002
(713) 751-1600 (Telephone)
(713) 751-1717 (Facsimile)

**COUNSEL FOR DEFENDANT**
**SCHLUMBERGER N.V.**
**(SCHLUMBERGER LIMITED)**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all parties of record in accordance with the Texas Rules of Civil Procedure on September 29, 2014.

*Via E-mail*

Michael E. Pierce
State Bar No. 24039117
michael@pcsblaw.com
M. Paul Skrabanek
State Bar No. 24063005
paul@pcsblaw.com
PIERCE CHAPMAN SKRABANEK BRUERA, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840

*Counsel for Plaintiff Samantha Sanders*

/s/ Michelle D. Pector
Michelle Pector

10

10/13/2014 10:15:48 AM
Chris Daniel - District Clerk Harris County
Envelope No. 2805012
By: GAYLE FULLER
Filed: 10/13/2014 10:15:48 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| Cambrian Consultants (CC) America, Inc., | § | HARRIS COUNTY, TEXAS |
| d/b/a RPSWesternGeco AS, | § | |
| WesternGeco, LLC, | § | |
| Schlumberger, Ltd and Volstad | § | |
| Maritime AS | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

**THIRD AMENDED PETITION**

Plaintiff complains of Defendants Cambrian Consultants (CC) America, Inc. d/b/a RPS, WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and Volstad Maritime AS (collectively "Defendants") and would respectfully show the Court that:

**I.**

**Jurisdiction**

1.    This Court has jurisdiction under the Savings to Suitors clause.  28 U.S.C. § 1333.  Further, is well-settled that this Jones Act case is not removable.  *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

**II.**

**Venue**

2.    Venue is proper in this District because Defendants are residents of this County.

1

## III.

### Discovery Level

3.      Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## IV.

### Parties

4.      Plaintiff is an American seaman and is a resident of Alabama.

5.      Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS is a Texas company that may be served through its counsel Michael Mitchell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002, michael.mitchell@ogletreedeakins.com.

6.      Defendant Schlumberger, Ltd. is a Texas company that has been served and has made an appearance in this case.

7.      Defendant WesternGeco AS is a subsidiary of Schlumberger, Ltd. and is headquartered in Houston, Texas.  It may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.      Defendant WesternGeco LLC is a subsidiary of Schlumberger, Ltd and is headquartered in Houston, Texas. It may be served through its office at 10001 Richmond Ave, Houston, Texas 77042.

9.      Defendant Volstad Maritime AS is a Norwegian company that is headquartered at Klaus Nilsensgt. 6  P.O. Box 1137 Sentrum  6001 Aalesund.

2

## V.

## Nature of the Action

10.    On or about October 1, 2013, Plaintiff was employed by RPS aboard the vessel Geco Tau, which was owned, operated and/or managed by WesternGeco, Schlumberger and Volstad Maritime AS under a time charter.   While the Geco Tau was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was sexually assaulted by the captain of the vessel. The captain was employed by Volstad Maritime AS at the time of the incident.  Prior to this time, Plaintiff's co-worker was also the victim of sexual advances by the captain.  On October 1, 2013, the captain grabbed Plaintiff from behind and began rubbing against her.   Plaintiff immediately rebuffed the advances.    After approaching management at both RPS and WesternGeco, the captain again made advances on Plaintiff on October 8, 2013.  This time the captain attempted to kiss Plaintiff.  Again, management turned a blind eye.  Ultimately, Plaintiff was finally taken off the vessel.

11.    Defendants were negligent and grossly negligent for the following reasons:

a.     failure to properly supervise its crew;

b.     failure to properly train its employees;

c.     failure to provide an adequate crew;

d.     failure to adequately screen the captain;

e.     failure to take timely action upon notice the captain was sexually harassing female crewmembers;

f.     failure to prudently supervise the job;

g.     operating the vessel in an improper and unsafe manner;

i.    vicariously liable for their employees' negligence and gross negligence; and

h.    other acts deemed negligent and grossly negligent.

12.    At all relevant times, the Geco Tau was unseaworthy.

13.    As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress.

14.    Plaintiff sustained injuries, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Defendant has failed to pay.  Plaintiff seeks punitive damages against Defendant for arbitrarily and improperly denying maintenance and cure.   Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

15.    Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent.  Defendant acted with flagrant and malicious disregard of Plaintiff's health and safety.  Defendant was subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendant had Plaintiff and other crewmembers continue working despite the dangerous conditions that were posed to them.  Defendant did so knowing that the conditions posed dangerous and grave safety concerns.  Defendant's acts and omissions involved an

4

extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.

### Jury Trial

16.     Plaintiff hereby requests a trial by jury on all claims.

## VII.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled, which includes but is not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future maintenance and cure;

- Exemplary damages; and

- Attorneys' fees

5

Respectfully submitted,

**PIERCE CHAPMAN
SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
          paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendant Schlumberger N.V.***

_/s/ M. Paul Skrabanek_____
M. Paul Skrabanek

11/3/2014 8:45:41 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3035939
By: JEANETTA SPENCER
Filed: 11/3/2014 8:45:41 AM

## CAUSE NO. 2014-46060

| | |
|---|---|
| SAMANTHA SANDERS,<br>    *Plaintiff*, | IN THE DISTRICT COURT OF |
| v. | HARRIS COUNTY, TEXAS |
| CAMBRIAN CONSULTANTS (CC) AMERICA, INC.,<br>D/B/A/ RPS, WESTERNGECO AS,<br>WESTERNGECO, LLC AND SCHLUMBERGER, LTD<br>AND VOLSTAD MARITIME AS<br>    *DEFENDANTS.* | 215TH JUDICIAL DISTRICT |

### ORIGINAL ANSWER OF DEFENDANT CAMBRIAN CONSULTANTS (CC) AMERICA, INC. D/B/A RPS WESTERNGECO AS

COMES NOW Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS ("Defendant") and files this Original Answer in response to Plaintiff's Third Amended Petition ("Petition").

### GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pleaded by Plaintiff and asks the Court to require Plaintiff to prove her charges and allegations by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

### DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming or accepting any burden of proof that would otherwise lie with Plaintiff, Defendant pleads the following:

1.     Plaintiff's Petition should be dismissed and Plaintiff's claims should be compelled to arbitration pursuant to the Federal and/or Texas Arbitration Act because all of Plaintiff's claims are subject to a mandatory and binding arbitration agreement.

2.     Plaintiff's Petition fails in whole or in part to state a claim upon which relief can be granted.

3.       Plaintiff's claims are barred by the applicable statute of limitations.

4.       Plaintiff's damages, if any, were caused by Plaintiff's own conduct or by the conduct of third parties, over whom Defendant had no legal control.

5.       Plaintiff is not entitled to punitive damages.

6.       Plaintiff has failed to mitigate her alleged damages, if any.

7.       None of Defendant's actions or inactions towards Plaintiff and/or about which Plaintiff complains were committed with malice and/or reckless indifference or disregard to any rights of Plaintiff.

8.       Plaintiff's claims and/or alleged damages are barred by the after-acquired evidence doctrine.

9.       Plaintiff was not an employee of Defendant but instead was an independent contractor.

10.      Defendant was not and is not the owner Volstad Tau.

11.      Plaintiff's alleged damages are governed, capped, and/or controlled by Federal law.

12.      The Captain of the vessel who is referred to in Plaintiff's Petition was not an agent or employee of Defendant.

13.      Plaintiff has contractually agreed to indemnify, hold harmless and defend Defendant from and against all loss, claims, injury, damage and legal liability, including attorneys' fees and other costs of defense arising out of any negligent act, error or omission of Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS prays that upon final hearing, judgment will be entered that Plaintiff

take nothing from Defendant and that Defendant will be discharged with its costs and attorney's fees.

Respectfully submitted,
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

_____
Michael D. Mitchell
State Bar No. 00784615
500 Dallas Street, Suite 3000
Houston, Texas 77002
(713) 655-5756
(713) 655-0020 (Fax)

**ATTORNEY FOR DEFENDANT
CAMBRIAN CONSULTANTS (CC)
AMERICA, INC. D/B/A RPS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded by certified mail, return receipt requested, or ECF to the following on this the 3rd day of November, 2014.

Michael E. Pierce
M. Paul Skrabanek
PIERCE CHAPMAN SKRABANEK BRUERA, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas  77098
michael@pcsblaw.com
paul@pcsblaw.com

Michelle D. Pector
Cody T. Vasut
Baker & Hostetler, LLP
811 Main Street, Suite 1100
Houston, TX  77002
mpector@bakerlaw.com
cvasut@bakerlaw.com

_____
Michael D. Mitchell

19376081.1

3

11/3/2014 10:02:44 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3037796
By: JEANETTA SPENCER
Filed: 11/3/2014 10:02:44 AM

## CAUSE NO. 2014-46060

| | | |
|---|---|---|
| SAMANTHA SANDERS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAMBRIAN CONSULTANTS (CC) AMERICA, INC., | § | |
| D/B/A/ RPS, WESTERNGECO AS, | § | |
| WESTERNGECO, LLC AND SCHLUMBERGER, LTD | § | |
| AND VOLSTAD MARITIME AS | § | |
| *DEFENDANTS.* | § | 215TH JUDICIAL DISTRICT |

### AMENDED ANSWER OF DEFENDANT
### CAMBRIAN CONSULTANTS (CC) AMERICA, INC. D/B/A RPS

COMES NOW Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS ("Defendant") and files this Amended Answer in response to Plaintiff's Third Amended Petition ("Petition").

### GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pleaded by Plaintiff and asks the Court to require Plaintiff to prove her charges and allegations by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

### DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming or accepting any burden of proof that would otherwise lie with Plaintiff, Defendant pleads the following:

1.     Plaintiff's Petition should be dismissed and Plaintiff's claims should be compelled to arbitration pursuant to the Federal and/or Texas Arbitration Act because all of Plaintiff's claims are subject to a mandatory and binding arbitration agreement.

2.     Plaintiff's Petition fails in whole or in part to state a claim upon which relief can be granted.

3.      Plaintiff's claims are barred by the applicable statute of limitations.

4.      Plaintiff's damages, if any, were caused by Plaintiff's own conduct or by the conduct of third parties, over whom Defendant had no legal control.

5.      Plaintiff is not entitled to punitive damages.

6.      Plaintiff has failed to mitigate her alleged damages, if any.

7.      None of Defendant's actions or inactions towards Plaintiff and/or about which Plaintiff complains were committed with malice and/or reckless indifference or disregard to any rights of Plaintiff.

8.      Plaintiff's claims and/or alleged damages are barred by the after-acquired evidence doctrine.

9.      Plaintiff was not an employee of Defendant but instead was an independent contractor.

10.      Defendant was not and is not the owner Volstad Tau.

11.      Plaintiff's alleged damages are governed, capped, and/or controlled by Federal law.

12.      The Captain of the vessel who is referred to in Plaintiff's Petition was not an agent or employee of Defendant.

13.      Plaintiff has contractually agreed to indemnify, hold harmless and defend Defendant from and against all loss, claims, injury, damage and legal liability, including attorneys' fees and other costs of defense arising out of any negligent act, error or omission of Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS prays that upon final hearing, judgment will be entered that Plaintiff

take nothing from Defendant and that Defendant will be discharged with its costs and attorney's fees.

Respectfully submitted,
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

_Michael Mitchell_

Michael D. Mitchell
State Bar No. 00784615
500 Dallas Street, Suite 3000
Houston, Texas 77002
(713) 655-5756
(713) 655-0020 (Fax)

**ATTORNEY FOR DEFENDANT
CAMBRIAN CONSULTANTS (CC)
AMERICA, INC. D/B/A RPS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded by certified mail, return receipt requested, or ECF to the following on this the 3rd day of November, 2014.

Michael E. Pierce
M. Paul Skrabanek
PIERCE CHAPMAN SKRABANEK BRUERA, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
michael@pcsblaw.com
paul@pcsblaw.com

Michelle D. Pector
Cody T. Vasut
Baker & Hostetler, LLP
811 Main Street, Suite 1100
Houston, TX 77002
mpector@bakerlaw.com
cvasut@bakerlaw.com

_Michael Mitchell_

Michael D. Mitchell

19377458.1

3

11/17/2014 9:26:45 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3193304
By: JEANETTA SPENCER
Filed: 11/17/2014 9:26:45 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| SAMANTHA SANDERS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CAMBRIAN CONSULTANTS (CC) | § | |
| AMERICA, INC., D/B/A RPS, | § | |
| WESTERNGECO AS, WESTERNGECO | § | |
| LLC, SCHLUMBERGER, LTD., AND | § | |
| VOLSTAD MARITIME AS, | § | 215th JUDICIAL DISTRICT COURT |

**DEFENDANT SCHLUMBERGER N.V.'S (SCHLUMBERGER LIMITED) FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS TO PLAINTIFF'S THIRD AMENDED PETITION**

Defendant Schlumberger N.V. known as Schlumberger Limited (hereinafter referred to as "Schlumberger"), files this, its First Amended Answer, Affirmative Defenses, and Special Exceptions to Plaintiff Samantha Sanders's ("Plaintiff") Third Amended Petition, and in support thereof would show the Court as follows:

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

**I.      GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Schlumberger denies each and every allegation contained in Plaintiff's Third Amended Petition, including any amendments or supplements to such allegations (collectively "Petition").  Schlumberger demands strict proof of such allegations by a preponderance of the evidence, as required by the Constitution and laws of the State of Texas.

**II.      SPECIAL DENIAL**

Schlumberger denies that the conditions precedent to recovery have occurred.

**III.      AFFIRMATIVE DEFENSES**

By way of further Answer, if such be necessary, Schlumberger hereby pleads the

following Affirmative Defenses, which are pled in the alternative, but only to the extent necessary:

      a.    **Failure to State a Claim.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff fails to state a claim or cause of action upon which relief can be granted.

      b.    **Plaintiff is not a Seaman**. Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff was not a seaman within the meaning of the Jones Act or the general maritime law.

      c.    **Federal Employee's Compensation Act.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff's sole remedy for work related injuries is provided by the Federal Employee's Compensation Act.

      d.    **Schlumberger is not the Owner of Volstad Tau.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Schlumberger did not own, operate, maintain, or supervise the work or activities of the Vessel, which was owned, operated, controlled, and maintained by Volstad Seismic AS.

      e.    **Third Parties.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff's damages, if any, were caused solely or in part by the negligence or fault of third parties for whom Schlumberger is not legally responsible.

      f.    **Independent Cause.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that the damages sought by Plaintiff, if any, were proximately caused, in whole or in part, by independent, intervening, or superseding causes, including acts and omissions of others over whom Schlumberger had no control or right of control.

      g.    **Mitigation.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff failed to mitigate her damages, in whole or in part, if any.

h.     **Denial of Agency.** Schlumberger further pleads, if such be necessary and pleading in the alternative, that the Captain of the Volstad Tau was not Schlumberger's agent or employee and Schlumberger is not liable for any of his conduct alleged to have occurred by Plaintiff.

i.     **Employer Status.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Schlumberger did not employ Plaintiff, is not an "employer" or "joint employer" of Plaintiff under any statute, rule, regulation, or precedent relevant to Plaintiff's claims for relief, and thus cannot be liable to Plaintiff.

j.     **Lack of Supervisory Duty.** Schlumberger further pleads, if such be necessary and pleading in the alternative, that Schlumberger did not supervise, direct, or control Plaintiff or the performance of Plaintiff's job duties for her employer at any time.

k.     **Credit for Maintenance and Cure.** Schlumberger further pleads, if such be necessary and pleading in the alternative, that to the extent that any party has paid maintenance and cure and/or worker's compensation benefits to or on behalf of Plaintiff, then a credit for all sums paid must be applied as an offset to Plaintiff's alleged damages.

l.     **Good Faith.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that it has conducted itself in good faith and had reasonable grounds for believing that it took no actions in violation of any law.

m.     **Election of Remedies.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are subject to election of remedies.

n.     **No Punitive Damages.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff is not entitled to any punitive damages since Schlumberger was not grossly negligent and there was no willful or wanton violation of any

3

legal requirement attributable to Schlumberger.

o.      **Clear and Convincing Evidence.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claim for punitive damages is barred for one or more of the following reasons: (a) Plaintiff cannot prove by clear and convincing evidence that Schlumberger was grossly negligent, and (b) Schlumberger has neither acted nor failed to act in any manner which entitles Plaintiff to recover punitive damages.

p.      **Offset.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's alleged damages, if any, must be reduced by an offset.

q.      **No Contract**. Schlumberger further pleads, if such be necessary, and pleading in the alternative, that there was no contract between itself and Plaintiff.

r.      **Standing**.      Schlumberger further pleads, if such be necessary, and pleading in the alternative that Plaintiff lacks standing to sue Schlumberger and that Schlumberger is not a proper party to this lawsuit.

s.      **Capacity.**  Schlumberger further pleads, if such be necessary, and pleading in the alternative that Schlumberger is not liable in the capacity in which it was sued.

t.      **No Duty.**  Schlumberger further pleads, if such be necessary, and pleading in the alternative that it owed no duty to Plaintiff.

u.      **No Proximate Cause.**  Schlumberger further pleads, if such be necessary, and pleading in the alternative that any alleged negligence or gross negligence by Schlumberger was not the proximate cause of any alleged damages or harm claimed by Plaintiff.  Schlumberger also pleads, if such be necessary, and pleading in the alternative that any alleged damages or harm claimed by Plaintiff were not foreseeable.

v.      **No Damages.**  Schlumberger further pleads, if such be necessary, and pleading in

4

the alternative that Plaintiff has not been subjected to any monetary, emotional or psychological damages as a result of any alleged actions by Schlumberger

w.     **Additional Defenses.** Schlumberger expressly reserves the right to allege or assert additional affirmative defenses as revealed by discovery and further investigation in this case.

**DEFENDANT SCHLUMBERGER N.V.'S (SCHLUMBERGER LIMITED) FIRST AMENDED SPECIAL EXCEPTIONS TO PLAINTIFF'S THIRD AMENDED PETITION**

Defendant Schlumberger N.V. (Schlumberger Limited) (hereinafter referred to as "Schlumberger") files its First Amended Special Exceptions to Plaintiff's Third Amended Petition ("Petition") pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, and in support thereof would respectfully show this Court as follows:

## I.     STANDARD OF REVIEW

The Texas Rules of Civil Procedure authorize the use of special exceptions to identify defects, omissions, or other insufficiency in the pleadings. *See* Tex. R. Civ. P. 91. Special exceptions may be used to question the sufficiency in law of a claim or cause of action. *See Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ). If a trial court sustains the special exceptions and the offending party refuses to amend, then summary judgment may be granted. *Freisenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) (citing *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974)).

## II.     SPECIAL EXCEPTIONS

Pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, Schlumberger specially excepts to the following portions of Plaintiff's Third Amended Petition:

a.     **No Maximum Damages.** Schlumberger specially excepts to Plaintiff's Third Amended Petition because Plaintiff failed to plead the maximum amount of damages sought

from Schlumberger as required by Texas Rule of Civil Procedure 47(c). Rule 47 specifically provides "that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed." *See* TEX. R. CIV. P. 47(d). In accordance with Rule 47, Plaintiff may not conduct discovery until her pleading is amended to comply. *See id.* The Court should order Plaintiff to amend her Third Amended Petition to assert a maximum amount of damages. Should Plaintiff fail to amend her Third Amended Petition to address this defect, the Court should strike Plaintiff's Third Amended Petition and dismiss Plaintiff's claims with prejudice.

b. **No Statement of Monetary Relief Sought.** Schlumberger specially excepts to Plaintiff's Third Amended Petition because it does not include a statement of the monetary relief sought by Plaintiff as required by Rule 47(c) of the Texas Rules of Civil Procedure. The Court should order Plaintiff to amend her Third Amended Petition to include a statement of the monetary relief she seeks. Should Plaintiff fail to amend her Third Amended Petition to address this defect, the Court should strike Plaintiff's Third Amended Petition and dismiss Plaintiff's claims with prejudice.

c. **Failure to State a Claim: Negligence.** Schlumberger specially excepts to Paragraphs Nos. 11, 13-14 of Plaintiff's Third Amended Petition because Plaintiff fails to state a claim upon which relief can be granted against Schlumberger. Particularly, Plaintiff fails to provide allegations as to each element of the claim of negligence. A plaintiff may recover for injury on the theory of negligence when: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's damages. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Plaintiff's Third Amended Petition is devoid of any allegations that Schlumberger (1) owed a legal duty to

Plaintiff; (2) breached that duty; or that (3) Schlumberger's breach proximately caused the Plaintiff's damages. *Nabors*, 288 S.W.3d at 404. The Court should require Plaintiff to amend her Third Amended Petition to include factual allegations as to each element of Plaintiff's negligence claims against Schlumberger. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 11, 13-14 of Plaintiff's Third Amended Petition and dismiss Plaintiff's negligence claim with prejudice.

        d.      **Failure to State a Claim: Gross Negligence.** Schlumberger specially excepts to Paragraphs Nos. 11, 13-15 of Plaintiff's Third Amended Petition because Plaintiff fails to state a claim upon which relief can be granted. Particularly, Plaintiff fails to provide allegations as to each element of the claim of gross negligence against Schlumberger. "Gross negligence" means an act or omission by Schlumberger:  (a) which when viewed objectively from the standpoint of Schlumberger, at the time of its occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which Schlumberger had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff.  *See Lockett v. HB Zachry Co.*,  285 S.W.3d 63, 77 (Tex. App.–Houston [1 Dist.] 2009, no pet.). Plaintiff's Third Amended Petition is devoid of any allegations that Schlumberger committed any act or omission when viewed objectively from the standpoint of Schlumberger involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, or that Schlumberger committed any act or omission with conscious indifference to the rights, safety, or welfare of the Plaintiff. The Court should require Plaintiff to amend her Third Amended Petition to include factual allegations as to each element of Plaintiff's gross negligence claims against Schlumberger. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 11, 13-15 of Plaintiff's

Third Amended Petition and dismiss Plaintiff's gross negligence claim with prejudice.

e. **Lack of Fair Notice: Maintenance and Cure.** Schlumberger specially excepts to Paragraph No. 14 of Plaintiff's Third Amended Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against Schlumberger pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Specifically, Plaintiff alleges that "Defendant" failed to pay her maintenance and cure. It is unclear which of the defendants in this lawsuit Plaintiff is referring to. Plaintiff further alleges that she is seeking punitive damages against "Defendant." It is likewise unclear which of the defendants in this lawsuit Plaintiff is seeking punitive damages from. The Court should order Plaintiff to amend her Third Amended Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 14 of Plaintiff's Third Amended Petition.

f. **Lack of Fair Notice: Gross Negligence.** Plaintiff specially excepts to Paragraph No. 15 of Plaintiff's Third Amended Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against Schlumberger pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Plaintiff uses the term "Defendant" throughout Paragraph No. 15 when discussing her gross negligence claim. It is unclear which of the defendants in this lawsuit Plaintiff's allegations are directed against. The Court should order Plaintiff to amend her Third Amended Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 15 of Plaintiff's Third Amended Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Schlumberger N.V. (Schlumberger Limited) respectfully requests that the Court sustain its Special Exceptions and order that Plaintiff replead to cure her pleading defects, and, if Plaintiff fails to cure her pleading defects,

strike the defective portions of Plaintiff's Petition and dismiss Plaintiff's claims against Schlumberger with prejudice.

Schlumberger also respectfully prays that Plaintiff take nothing; that Plaintiff's claims against Schlumberger be dismissed with prejudice; and that Schlumberger recover such further relief, both general and specific, at law and in equity, to which it may be justly entitled.

Dated: November 17, 2014                    Respectfully submitted,

                                            **BAKER & HOSTETLER LLP**

                                            By: */s/ Michelle D. Pector*
                                            Michelle D. Pector
                                            State Bar No. 24027726
                                            mpector@bakerlaw.com
                                            Cody T. Vasut
                                            State Bar No. 24084012
                                            cvasut@bakerlaw.com
                                            811 Main Street, Suite 1100
                                            Houston, Texas 77002
                                            (713) 751-1600 (Telephone)
                                            (713) 751-1717 (Facsimile)

                                            **COUNSEL FOR DEFENDANT**
                                            **SCHLUMBERGER N.V.**
                                            **(SCHLUMBERGER LIMITED)**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all

parties of record in accordance with the Texas Rules of Civil Procedure on November 17, 2014.

*Via E-mail*
Michael E. Pierce
michael@pcsblaw.com
M. Paul Skrabanek
paul@pcsblaw.com
PIERCE CHAPMAN SKRABANEK BRUERA, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
*Counsel for Plaintiff Samantha Sanders*

*Via Fax*
Michael D. Mitchell
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
(713) 655-0020 (Fax)
*Counsel for Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS*

/s/ Michelle D. Pector
Michelle Pector

11/17/2014 9:26:45 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3193304
By: JEANETTA SPENCER
Filed: 11/17/2014 9:26:45 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| SAMANTHA SANDERS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CAMBRIAN CONSULTANTS (CC) | § | |
| AMERICA, INC., D/B/A RPS, | § | |
| WESTERNGECO AS, WESTERNGECO | § | |
| LLC, SCHLUMBERGER, LTD., AND | § | |
| VOLSTAD MARITIME AS, | § | 215th JUDICIAL DISTRICT COURT |

**DEFENDANT WESTERNGECO L.L.C.'S ORIGINAL ANSWER,
AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS
TO PLAINTIFF'S THIRD AMENDED PETITION**

Defendant WesternGeco, L.L.C. (hereinafter referred to as "WesternGeco"), files this, its

Original Answer, Affirmative Defenses, and Special Exceptions to Plaintiff Samantha Sanders's

("Plaintiff") Third Amended Petition, and in support thereof would show the Court as follows:

**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

**I.    GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, WesternGeco denies each

and every allegation contained in Plaintiff's Third Amended Petition, including any

amendments or supplements to such allegations (collectively "Petition").    WesternGeco

demands strict proof of such allegations by a preponderance of the evidence, as required by

the Constitution and laws of the State of Texas.

**II.    SPECIAL DENIAL**

WesternGeco denies that the conditions precedent to recovery have occurred.

**III.    AFFIRMATIVE DEFENSES**

By way of further Answer, if such be necessary, WesternGeco hereby pleads the following

Affirmative Defenses, which are pled in the alternative, but only to the extent necessary:

a.      **Failure to State a Claim.** WesternGeco pleads, if such be necessary, and pleading in the alternative, that Plaintiff fails to state a claim or cause of action upon which relief can be granted.

b.      **Plaintiff is not a Seaman**. WesternGeco pleads, if such be necessary, and pleading in the alternative, that Plaintiff was not a seaman within the meaning of the Jones Act or the general maritime law.

c.      **Federal Employee's Compensation Act.** WesternGeco pleads, if such be necessary, and pleading in the alternative, that Plaintiff's sole remedy for work related injuries is provided by the Federal Employee's Compensation Act.

d.      **WesternGeco is not the Owner of Volstad Tau.** WesternGeco pleads, if such be necessary, and pleading in the alternative, that WesternGeco did not own, operate, maintain, or supervise the work or activities of the Vessel, which was owned, operated, controlled, and maintained by Volstad Seismic AS.

e.      **Third Parties.** WesternGeco pleads, if such be necessary, and pleading in the alternative, that Plaintiff's damages, if any, were caused solely or in part by the negligence or fault of third parties for whom WesternGeco is not legally responsible.

f.      **Independent Cause.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that the damages sought by Plaintiff, if any, were proximately caused, in whole or in part, by independent, intervening, or superseding causes, including acts and omissions of others over whom WesternGeco had no control or right of control.

g.      **Mitigation.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff failed to mitigate her damages, in whole or in part, if any.

h.      **Denial of Agency.** WesternGeco further pleads, if such be necessary and pleading in the alternative, that the Captain of the Volstad Tau was not WesternGeco's agent

or employee and WesternGeco is not liable for any of his conduct alleged to have occurred by Plaintiff.

i.      **Employer Status.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that WesternGeco did not employ Plaintiff, is not an "employer" or "joint employer" of Plaintiff under any statute, rule, regulation, or precedent relevant to Plaintiff's claims for relief, and thus cannot be liable to Plaintiff.

j.      **Lack of Supervisory Duty.** WesternGeco further pleads, if such be necessary and pleading in the alternative, that WesternGeco did not supervise, direct, or control Plaintiff or the performance of Plaintiff's job duties for her employer at any time.

k.      **Credit for Maintenance and Cure.** WesternGeco further pleads, if such be necessary and pleading in the alternative, that to the extent that any party has paid maintenance and cure and/or worker's compensation benefits to or on behalf of Plaintiff, then a credit for all sums paid must be applied as an offset to Plaintiff's alleged damages.

l.      **Good Faith.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that it has conducted itself in good faith and had reasonable grounds for believing that it took no actions in violation of any law.

m.      **Election of Remedies.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are subject to election of remedies.

n.      **No Punitive Damages.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff is not entitled to any punitive damages since WesternGeco was not grossly negligent and there was no willful or wanton violation of any legal requirement attributable to WesternGeco.

o.      **Clear and Convincing Evidence.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claim for punitive damages is barred for one or more of the following reasons: (a) Plaintiff cannot prove by clear and convincing evidence that WesternGeco was grossly negligent, and (b) WesternGeco has neither acted nor failed to act in any manner which entitles Plaintiff to recover punitive damages.

p.      **Offset.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's alleged damages, if any, must be reduced by an offset.

q.      **No Contract**.  WesternGeco further pleads, if such be necessary, and pleading in the alternative, that there was no contract between itself and Plaintiff.

r.      **Standing**.      WesternGeco further pleads, if such be necessary, and pleading in the alternative that Plaintiff lacks standing to sue WesternGeco and that WesternGeco is not a proper party to this lawsuit.

s.      **Capacity.**  WesternGeco further pleads, if such be necessary, and pleading in the alternative that WesternGeco is not liable in the capacity in which it was sued.

t.      **No Duty.**  WesternGeco further pleads, if such be necessary, and pleading in the alternative that it owed no duty to Plaintiff.

u.      **No Proximate Cause.**  WesternGeco further pleads, if such be necessary, and pleading in the alternative that any alleged negligence or gross negligence by WesternGeco was not the proximate cause of any alleged damages or harm claimed by Plaintiff.  WesternGeco also pleads, if such be necessary, and pleading in the alternative that any alleged damages or harm claimed by Plaintiff were not foreseeable.

v.      **No Damages.**  WesternGeco further pleads, if such be necessary, and pleading in the alternative that Plaintiff has not been subjected to any monetary, emotional or psychological

4

damages as a result of any alleged actions by WesternGeco

w. **Additional Defenses.** WesternGeco expressly reserves the right to allege or assert additional affirmative defenses as revealed by discovery and further investigation in this case.

## DEFENDANT WESTERNGECO, L.L.C.'S SPECIAL EXCEPTIONS TO PLAINTIFF'S THIRD AMENDED PETITION

Defendant WesternGeco, L.L.C. (hereinafter referred to as "WesternGeco") files its Special Exceptions to Plaintiff's Third Amended Petition ("Petition") pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, and in support thereof would respectfully show this Court as follows:

### I.      STANDARD OF REVIEW

The Texas Rules of Civil Procedure authorize the use of special exceptions to identify defects, omissions, or other insufficiency in the pleadings. *See* Tex. R. Civ. P. 91. Special exceptions may be used to question the sufficiency in law of a claim or cause of action. *See Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ). If a trial court sustains the special exceptions and the offending party refuses to amend, then summary judgment may be granted. *Freisenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) (citing *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974)).

### II.      SPECIAL EXCEPTIONS

Pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, WesternGeco specially excepts to the following portions of Plaintiff's Third Amended Petition:

a. **No Maximum Damages.** WesternGeco specially excepts to Plaintiff's Third Amended Petition because Plaintiff failed to plead the maximum amount of damages sought from WesternGeco as required by Texas Rule of Civil Procedure 47(c). Rule 47 specifically

provides "that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed." *See* TEX. R. CIV. P. 47(d). In accordance with Rule 47, Plaintiff may not conduct discovery until her pleading is amended to comply. *See id.* The Court should order Plaintiff to amend her Third Amended Petition to assert a maximum amount of damages. Should Plaintiff fail to amend her Third Amended Petition to address this defect, the Court should strike Plaintiff's Third Amended Petition and dismiss Plaintiff's claims with prejudice.

      b.    **No Statement of Monetary Relief Sought.** WesternGeco specially excepts to Plaintiff's Third Amended Petition because it does not include a statement of the monetary relief sought by Plaintiff as required by Rule 47(c) of the Texas Rules of Civil Procedure. The Court should order Plaintiff to amend her Third Amended Petition to include a statement of the monetary relief she seeks. Should Plaintiff fail to amend her Third Amended Petition to address this defect, the Court should strike Plaintiff's Third Amended Petition and dismiss Plaintiff's claims with prejudice.

      c.    **Failure to State a Claim: Negligence.** WesternGeco specially excepts to Paragraphs Nos. 11, 13-14 of Plaintiff's Third Amended Petition because Plaintiff fails to state a claim upon which relief can be granted against WesternGeco. Particularly, Plaintiff fails to provide allegations as to each element of the claim of negligence. A plaintiff may recover for injury on the theory of negligence when: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's damages. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Plaintiff's Third Amended Petition is devoid of any allegations that WesternGeco (1) owed a legal duty to Plaintiff; (2) breached that duty; or that (3) WesternGeco's breach proximately caused the Plaintiff's damages. *Nabors*, 288

6

S.W.3d at 404. The Court should require Plaintiff to amend her Third Amended Petition to include factual allegations as to each element of Plaintiff's negligence claims against WesternGeco. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 11, 13-14 of Plaintiff's Third Amended Petition and dismiss Plaintiff's negligence claim with prejudice.

      d.    **Failure to State a Claim: Gross Negligence.** WesternGeco specially excepts to Paragraphs Nos. 11, 13-15 of Plaintiff's Third Amended Petition because Plaintiff fails to state a claim upon which relief can be granted. Particularly, Plaintiff fails to provide allegations as to each element of the claim of gross negligence against WesternGeco. "Gross negligence" means an act or omission by WesternGeco:  (a) which when viewed objectively from the standpoint of WesternGeco, at the time of its occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which WesternGeco had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff.  *See Lockett v. HB Zachry Co.*,  285 S.W.3d 63, 77 (Tex. App.–Houston [1 Dist.] 2009, no pet.). Plaintiff's Third Amended Petition is devoid of any allegations that WesternGeco committed any act or omission when viewed objectively from the standpoint of WesternGeco involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, or that WesternGeco committed any act or omission with conscious indifference to the rights, safety, or welfare of the Plaintiff. The Court should require Plaintiff to amend her Third Amended Petition to include factual allegations as to each element of Plaintiff's gross negligence claims against WesternGeco. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 11, 13-15 of Plaintiff's Third Amended Petition and dismiss Plaintiff's gross negligence claim with prejudice.

e.      **Lack of Fair Notice: Maintenance and Cure.** WesternGeco specially excepts to Paragraph No. 14 of Plaintiff's Third Amended Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against WesternGeco pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Specifically, Plaintiff alleges that "Defendant" failed to pay her maintenance and cure. It is unclear which of the defendants in this lawsuit Plaintiff is referring to. Plaintiff further alleges that she is seeking punitive damages against "Defendant." It is likewise unclear which of the defendants in this lawsuit Plaintiff is seeking punitive damages from. The Court should order Plaintiff to amend her Third Amended Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 14 of Plaintiff's Third Amended Petition.

f.      **Lack of Fair Notice: Gross Negligence.** Plaintiff specially excepts to Paragraph No. 15 of Plaintiff's Third Amended Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against WesternGeco pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Plaintiff uses the term "Defendant" throughout Paragraph No. 15 when discussing her gross negligence claim. It is unclear which of the defendants in this lawsuit Plaintiff's allegations are directed against. The Court should order Plaintiff to amend her Third Amended Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 15 of Plaintiff's Third Amended Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, WesternGeco, L.L.C. respectfully requests that the Court sustain its Special Exceptions and order that Plaintiff replead to cure her pleading defects, and, if Plaintiff fails to cure her pleading defects, strike the defective portions of Plaintiff's Petition and dismiss Plaintiff's claims against WesternGeco with prejudice.

8

WesternGeco also respectfully prays that Plaintiff take nothing; that Plaintiff's claims against WesternGeco be dismissed with prejudice; and that WesternGeco recover such further relief, both general and specific, at law and in equity, to which it may be justly entitled.

Dated: November 17, 2014

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Michelle D. Pector*
Michelle D. Pector
State Bar No. 24027726
mpector@bakerlaw.com
Cody T. Vasut
State Bar No. 24084012
cvasut@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002
(713) 751-1600 (Telephone)
(713) 751-1717 (Facsimile)

**COUNSEL FOR DEFENDANT**
**WESTERNGECO, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all

parties of record in accordance with the Texas Rules of Civil Procedure on November 17, 2014.

*Via E-mail*
Michael E. Pierce
michael@pcsblaw.com
M. Paul Skrabanek
paul@pcsblaw.com
PIERCE CHAPMAN SKRABANEK BRUERA, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
*Counsel for Plaintiff Samantha Sanders*

*Via Fax*
Michael D. Mitchell
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
(713) 655-0020 (Fax)
*Counsel for Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS*


                                        */s/ Michelle D. Pector*
                                        Michelle Pector

12/9/2014 2:29:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3427782
By: JEANETTA SPENCER
Filed: 12/9/2014 2:29:22 PM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| Cambrian Consultants (CC) America, Inc., | § | HARRIS COUNTY, TEXAS |
| d/b/a RPS, WesternGeco AS, | § | |
| WesternGeco, LLC, | § | |
| Schlumberger, Ltd and Volstad | § | |
| Maritime AS | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

## FOURTH AMENDED PETITION

Plaintiff complains of Defendants Cambrian Consultants (CC) America, Inc. d/b/a RPS (hereinafter "RPS"), WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and Volstad Maritime AS (collectively "Defendants") and would respectfully show the Court that:

## I.

## Jurisdiction

1.    This Court has jurisdiction under the Savings to Suitors clause.  28 U.S.C. § 1333.  Further, is well settled that this Jones Act case is not removable.  *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

## II.

## Venue

2.    Venue is proper in this District because Defendants are residents of this County.

### III.

### Discovery Level

3.     Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### IV.

### Statement Regarding Monetary Relief Sought

4.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief for more than $200,000 but not more than $1 million.  Discovery in this matter has just commenced and, therefore, Plaintiff cannot reliably state a maximum amount damages she is seeking at this time, and reserves her right to supplement in accordance with the Texas Rules of Civil Procedure.

### V.

### Parties

5.     Plaintiff is an American seaman and is a resident of Alabama.

6.     Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS is a Texas company that may be served through its counsel Michael Mitchell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002, michael.mitchell@ogletreedeakins.com.

7.     Defendant Schlumberger, Ltd. is a Texas company that has been served and has made an appearance in this case.

8.      Defendant WesternGeco AS is a subsidiary of Schlumberger, Ltd. and is headquartered in Houston, Texas.  It may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9.      Defendant WesternGeco LLC is a subsidiary of Schlumberger, Ltd and is headquartered in Houston, Texas. It may be served through its office at 10001 Richmond Ave, Houston, Texas 77042.

10.     Defendant Volstad Maritime AS is a Norwegian company that is headquartered at Klaus Nilsensgt. 6  P.O. Box 1137 Sentrum  6001 Aalesund.

## VI.

### Facts

11.     On or about October 1, 2013, Plaintiff was employed by RPS aboard the vessel Geco Tau, which was owned, operated and/or managed by WesternGeco, Schlumberger and Volstad Maritime AS under a time charter.  While the Geco Tau was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was sexually assaulted by the captain of the vessel. The captain was employed by Volstad Maritime AS at the time of the incident.  Prior to this time, Plaintiff's co-worker was also the victim of sexual advances by the captain.  On October 1, 2013, the captain grabbed Plaintiff from behind and began rubbing against her.  Plaintiff immediately rebuffed the advances.   After approaching management at both RPS and WesternGeco, the captain again made advances on Plaintiff on October 8, 2013.  This time the captain attempted to kiss Plaintiff.  Again, management turned a blind eye.  Ultimately, Plaintiff was finally taken off the vessel.

## VII.

### Causes of Action

#### A. Negligence and Gross Negligence

12.     Plaintiff repeats and realleges each allegation contained above.

13.     As Plaintiff's employer, RPS owed a duty to Plaintiff to ensure that Plaintiff was working aboard a seaworthy vessel with safe working conditions. Defendants WesternGeco, Schlumberger and Volstad Maritime AS owed Plaintiff a duty as the owners, operators and managers of the Geco Tau Vessel. Defendants had a duty to ensure that the crew aboard their vessel was working in a safe manner and that Plaintiff was free from harassment while aboard the vessel.

14.     Defendants breached their duty and were collectively negligent and grossly negligent for the following reasons:

    a.      failure to properly supervise its crew;

    b.      failure to properly train its employees;

    c.      failure to provide an adequate crew;

    d.      failure to adequately screen the captain;

    e.      failure to take timely action upon notice the captain was sexually harassing female crewmembers;

    f.      failure to prudently supervise the job;

    g.      operating the vessel in an improper and unsafe manner;

    h.      vicariously liable for their employees' negligence and gross negligence; and

    i.      other acts deemed negligent and grossly negligent.

15.     At all relevant times, the Geco Tau was unseaworthy.

16.     As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress.

17.     Plaintiff sustained injuries, which resulted in physical pain, mental anguish, and other medical problems.   Plaintiff has sustained severe pain, physical impairment,

discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Plaintiff's employer Cambrian Consultants (CC) America, Inc. d/b/a RPS has failed to pay.  Plaintiff seeks punitive damages against Defendant RPS for arbitrarily and improperly denying maintenance and cure.   Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

18.    Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent.  Defendants RPS, WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and Volstad Maritime AS acted with flagrant and malicious disregard of Plaintiff's health and safety.  Defendants were subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them.  Instead, Defendants had Plaintiff and other crewmembers continue working despite the dangerous conditions that were posed to them.  Defendants did so knowing that the conditions posed dangerous and grave safety concerns.  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

5

## VIII.

### Jury Trial

19.     Plaintiff hereby requests a trial by jury on all claims.

## IX.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled, which includes but is not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future maintenance and cure;

- Exemplary damages; and

- Attorneys' fees

Respectfully submitted,

**PIERCE CHAPMAN**
**SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
         paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

**VIA FACSIMILE 713-751-1717 and/or E-service**
Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendants Schlumberger N.V. and WesternGeco, L.L.C.***

**VIA FACSIMILE 713-655-0020 and/or E-service**
Michael Mitchell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
***Counsel for Cambrian Consultants (CC) America, Inc. d/b/a RPS***

_/s/ M. Paul Skrabanek_____
M. Paul Skrabanek

12/10/2014 4:18:56 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3447120
By: JEANETTA SPENCER
Filed: 12/10/2014 4:18:56 PM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| Cambrian Consultants (CC) America, Inc., | § | HARRIS COUNTY, TEXAS |
| d/b/a RPSWesternGeco AS, | § | |
| WesternGeco, LLC, | § | |
| Schlumberger, Ltd and Volstad | § | |
| Maritime AS | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO DEFENDANT SCHLUMBERGER N.V.'S SPECIAL EXCEPTIONS TO PLAINTIFF'S THIRD AMENDED PETITION

Plaintiff respectfully requests that the Court deny Defendant's Special Exceptions to

Plaintiff's Third Amended Petition for the following reasons:

(1)    The majority of Defendant's special exceptions have been resolved by the filing of Plaintiff's Fourth Amended Petition.

(2)    Plaintiff has adequately pled each element of her negligence claim in accordance with the pleading requirements of the Texas Rules of Civil Procedure.

(3)    Plaintiff's Fourth Amended Petition clearly states that Defendants were collectively grossly negligent because they had knowledge of the Captain's previous sexual advances to female crewmembers and did nothing to rectify the situation.

## I.

## Evidence

**Exhibit A:**    Plaintiff's Third Amended Petition, October 13, 2014

**Exhibit B:**    Defendant Schlumberger N.V.'s Original Answer, Affirmative Defenses and Special Exceptions to Plaintiff's Third Amended Petition

1

**Exhibit C:**   Plaintiff's Fourth Amended Petition, December 9, 2014

## II.

### The Court Should Deny Defendant's Special Exceptions

The vast majority of Defendant's Special Exceptions to Plaintiff's Third Amended Petition have been resolved by Plaintiff's Fourth Amended Petition, which was filed on December 9, 2014. Namely, Plaintiff amended the petition to include (1) the maximum damages and monetary relief sought in accordance with Texas Rule of Civil Procedure 47(c); (2) RPS as the Defendant responsible for maintenance and cure; and (3) all Defendants are named in Plaintiff's gross negligence claim. *See* Ex. C.

Additionally, Plaintiff's Fourth Amended Petition includes detailed allegations regarding Schlumberger N.V.'s (1) duty to Plaintiff; (2) breach of that duty; and (3) breach caused Plaintiff's damages. *See* Ex. C. at ¶13-17. The remaining special exceptions that Plaintiff will address are the failure to state a claim for Plaintiff's negligence and gross negligence causes of action. Specifically, Defendant contends that Plaintiff must plead detailed factual allegations as to each element of Plaintiff's negligence claims against Schlumberger N.V.. *See* Ex. B. at 7. In regards to gross negligence, Defendant claims that Plaintiff has failed to plead that it committed any act or omission with conscious indifference to the rights, safety or welfare of Plaintiff. *Id*. Defendant's remaining special exceptions are improper and premature, consequently they should be denied.

### A.    *Plaintiff has Adequately Pled his Negligence Cause of Action*

It is well settled that purpose of pleadings is to give "the adverse parties notice of each party's claims and defenses, as well as notice of the relief sought." *See Perez v. Briercroft Serv. Cor*p., 809 S.W.2d 216, 218 (Tex. 1991). A cursory reading of Plaintiff's

Fourth Amended Petition clearly shows that Plaintiff has adequately pled sufficient factual allegations to support his negligence claim and to provide Defendant with notice of his allegations and the relief sought:

- **Duty:** As Plaintiff's employer, RPS owed a duty to Plaintiff to ensure that Plaintiff was working aboard a seaworthy vessel with safe working conditions. Defendants WesternGeco, Schlumberger and Volstad Maritime AS owed Plaintiff a duty as the owners, operators and managers of the Geco Tau Vessel. Defendants had a duty to ensure that the crew aboard their vessel was working in a safe manner and that Plaintiff was free from harassment while aboard the vessel. *See* Ex. C. at ¶ 13.

- **Breach of Duty:** Defendants breached their duty and were collectively negligent and grossly negligent for the following reasons: (a) failure to properly supervise its crew; (b) failure to properly train its employees; (c) failure to provide an adequate crew; (d) failure to adequately screen the captain; (e) failure to take timely action upon notice the captain was sexually harassing female crewmembers; (f) failure to prudently supervise the job; (g) operating the vessel in an improper and unsafe manner; (h) vicariously liable for their employees' negligence and gross negligence; and (i) other acts deemed negligent and grossly negligent. *Id.* at ¶ 14

- **Causation:** As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress. *Id.* at ¶ 16.

- **Damages:** Plaintiff sustained injuries, which resulted in physical pain, mental anguish and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. *Id.* at ¶ 17.

As demonstrated above, Plaintiff has met her burden of adequately pleading her negligence claim sufficiently to give Defendant's notice. Moreover, Defendant's special exception is premature given that discovery has just commenced and it is anticipated that Plaintiff will uncover additional facts supporting her negligence claim. Thus, Defendant's special exception regarding Plaintiff's failure to state a negligence claim should be denied.

**B.    *Plaintiff has Provided Sufficient Facts to Support her Gross Negligence Claim***

Defendant mistakenly alleges that Plaintiff has failed to state a gross negligence claim because the pleadings do not show that it "committed any act or omission that involved an

3

extreme degree of risk or conscious indifference to the rights, safety of welfare of the Plaintiff." *See* Ex. B. at 7.    However, Plaintiff's Fourth Amended Petition states that Defendants collectively had a duty to ensure that Plaintiff was working in safe conditions and Defendants breached this duty by failing to properly supervise its crew, provide adequate crew or take timely action upon the captain that was sexually harassing crewmembers. *See* Ex. C. at ¶ 13-14.  Additionally, Plaintiff claims that the captain had a history of sexual harassing female crewmembers. *Id*. at ¶ 11. Defendants are grossly negligent because they "were subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them." *Id*. at ¶ 18. Plaintiff further alleges that by turning a blind eye, Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. *Id*. at ¶ 11, 18. Plaintiff has adequately pled her gross negligence claim, thus Defendant's special exception should be denied.

### III.

### Conclusion

Plaintiff respectfully requests that the Court deny Defendant Schlumberger N.V.'s Special Exceptions to Plaintiff's Third Amended Petition.

Respectfully submitted,

**PIERCE CHAPMAN**
**SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____

MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
        paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

**VIA FACSIMILE 713-751-1717 and/or E-service**
Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendants Schlumberger N.V. and WesternGeco, L.L.C.***


**VIA FACSIMILE 713-655-0020 and/or E-service**
Michael Mitchell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
***Counsel for Cambrian Consultants (CC) America, Inc. d/b/a RPS***


_/s/ M. Paul Skrabanek_____
M. Paul Skrabanek

10/13/2014 10:15:48 AM
Chris Daniel - District Clerk Harris County
Envelope No. 2805012
By: GAYLE FULLER
Filed: 10/13/2014 10:15:48 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| Cambrian Consultants (CC) America, Inc., | § | HARRIS COUNTY, TEXAS |
| d/b/a RPSWesternGeco AS, | § | |
| WesternGeco, LLC, | § | |
| Schlumberger, Ltd and Volstad | § | |
| Maritime AS | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

## THIRD AMENDED PETITION

Plaintiff complains of Defendants Cambrian Consultants (CC) America, Inc. d/b/a RPS, WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and Volstad Maritime AS (collectively "Defendants") and would respectfully show the Court that:

### I.

### Jurisdiction

1.      This Court has jurisdiction under the Savings to Suitors clause.  28 U.S.C. § 1333.  Further, is well-settled that this Jones Act case is not removable.  *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### II.

### Venue

2.      Venue is proper in this District because Defendants are residents of this County.

EXHIBIT A

1

## III.

## Discovery Level

3.    Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## IV.

## Parties

4.    Plaintiff is an American seaman and is a resident of Alabama.

5.    Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS is a Texas company that may be served through its counsel Michael Mitchell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002, michael.mitchell@ogletreedeakins.com.

6.    Defendant Schlumberger, Ltd. is a Texas company that has been served and has made an appearance in this case.

7.    Defendant WesternGeco AS is a subsidiary of Schlumberger, Ltd. and is headquartered in Houston, Texas.  It may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.    Defendant WesternGeco LLC is a subsidiary of Schlumberger, Ltd and is headquartered in Houston, Texas. It may be served through its office at 10001 Richmond Ave, Houston, Texas 77042.

9.    Defendant Volstad Maritime AS is a Norwegian company that is headquartered at Klaus Nilsensgt. 6  P.O. Box 1137 Sentrum  6001 Aalesund.

## V.

## Nature of the Action

10.    On or about October 1, 2013, Plaintiff was employed by RPS aboard the vessel Geco Tau, which was owned, operated and/or managed by WesternGeco, Schlumberger and Volstad Maritime AS under a time charter.   While the Geco Tau was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was sexually assaulted by the captain of the vessel. The captain was employed by Volstad Maritime AS at the time of the incident.  Prior to this time, Plaintiff's co-worker was also the victim of sexual advances by the captain.  On October 1, 2013, the captain grabbed Plaintiff from behind and began rubbing against her.  Plaintiff immediately rebuffed the advances.   After approaching management at both RPS and WesternGeco, the captain again made advances on Plaintiff on October 8, 2013.  This time the captain attempted to kiss Plaintiff.  Again, management turned a blind eye.  Ultimately, Plaintiff was finally taken off the vessel.

11.    Defendants were negligent and grossly negligent for the following reasons:

   a.    failure to properly supervise its crew;

   b.    failure to properly train its employees;

   c.    failure to provide an adequate crew;

   d.    failure to adequately screen the captain;

   e.    failure to take timely action upon notice the captain was sexually harassing female crewmembers;

   f.    failure to prudently supervise the job;

   g.    operating the vessel in an improper and unsafe manner;

i.    vicariously liable for their employees' negligence and gross negligence; and

h.    other acts deemed negligent and grossly negligent.

12.    At all relevant times, the Geco Tau was unseaworthy.

13.    As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress.

14.    Plaintiff sustained injuries, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Defendant has failed to pay.  Plaintiff seeks punitive damages against Defendant for arbitrarily and improperly denying maintenance and cure.   Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

15.    Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent.  Defendant acted with flagrant and malicious disregard of Plaintiff's health and safety.  Defendant was subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendant had Plaintiff and other crewmembers continue working despite the dangerous conditions that were posed to them.  Defendant did so knowing that the conditions posed dangerous and grave safety concerns.  Defendant's acts and omissions involved an

4

extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.

### Jury Trial

16.     Plaintiff hereby requests a trial by jury on all claims.

## VII.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled, which includes but is not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future maintenance and cure;

- Exemplary damages; and

- Attorneys' fees

Respectfully submitted,

**PIERCE CHAPMAN
SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*
_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendant Schlumberger N.V.***

_/s/ M. Paul Skrabanek_____
M. Paul Skrabanek

11/17/2014 9:26:45 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3193304
By: JEANETTA SPENCER
Filed: 11/17/2014 9:26:45 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| SAMANTHA SANDERS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CAMBRIAN CONSULTANTS (CC) | § | |
| AMERICA, INC., D/B/A RPS, | § | |
| WESTERNGECO AS, WESTERNGECO | § | |
| LLC, SCHLUMBERGER, LTD., AND | § | |
| VOLSTAD MARITIME AS, | § | 215th JUDICIAL DISTRICT COURT |

**DEFENDANT SCHLUMBERGER N.V.'S (SCHLUMBERGER LIMITED) FIRST
AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS TO
PLAINTIFF'S THIRD AMENDED PETITION**

Defendant Schlumberger N.V. known as Schlumberger Limited (hereinafter referred to as "Schlumberger"), files this, its First Amended Answer, Affirmative Defenses, and Special Exceptions to Plaintiff Samantha Sanders's ("Plaintiff") Third Amended Petition, and in support thereof would show the Court as follows:

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

**I.     GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Schlumberger denies each and every allegation contained in Plaintiff's Third Amended Petition, including any amendments or supplements to such allegations (collectively "Petition").  Schlumberger demands strict proof of such allegations by a preponderance of the evidence, as required by the Constitution and laws of the State of Texas.

**II.     SPECIAL DENIAL**

Schlumberger denies that the conditions precedent to recovery have occurred.

**III.     AFFIRMATIVE DEFENSES**

By way of further Answer, if such be necessary, Schlumberger hereby pleads the

EXHIBIT B

following Affirmative Defenses, which are pled in the alternative, but only to the extent necessary:

a.     **Failure to State a Claim.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff fails to state a claim or cause of action upon which relief can be granted.

b.     **Plaintiff is not a Seaman**. Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff was not a seaman within the meaning of the Jones Act or the general maritime law.

c.     **Federal Employee's Compensation Act.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff's sole remedy for work related injuries is provided by the Federal Employee's Compensation Act.

d.     **Schlumberger is not the Owner of Volstad Tau.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Schlumberger did not own, operate, maintain, or supervise the work or activities of the Vessel, which was owned, operated, controlled, and maintained by Volstad Seismic AS.

e.     **Third Parties.** Schlumberger pleads, if such be necessary, and pleading in the alternative, that Plaintiff's damages, if any, were caused solely or in part by the negligence or fault of third parties for whom Schlumberger is not legally responsible.

f.     **Independent Cause.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that the damages sought by Plaintiff, if any, were proximately caused, in whole or in part, by independent, intervening, or superseding causes, including acts and omissions of others over whom Schlumberger had no control or right of control.

g.     **Mitigation.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff failed to mitigate her damages, in whole or in part, if any.

2

h.      **Denial of Agency.** Schlumberger further pleads, if such be necessary and pleading in the alternative, that the Captain of the Volstad Tau was not Schlumberger's agent or employee and Schlumberger is not liable for any of his conduct alleged to have occurred by Plaintiff.

i.      **Employer Status.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Schlumberger did not employ Plaintiff, is not an "employer" or "joint employer" of Plaintiff under any statute, rule, regulation, or precedent relevant to Plaintiff's claims for relief, and thus cannot be liable to Plaintiff.

j.      **Lack of Supervisory Duty.** Schlumberger further pleads, if such be necessary and pleading in the alternative, that Schlumberger did not supervise, direct, or control Plaintiff or the performance of Plaintiff's job duties for her employer at any time.

k.      **Credit for Maintenance and Cure.** Schlumberger further pleads, if such be necessary and pleading in the alternative, that to the extent that any party has paid maintenance and cure and/or worker's compensation benefits to or on behalf of Plaintiff, then a credit for all sums paid must be applied as an offset to Plaintiff's alleged damages.

l.      **Good Faith.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that it has conducted itself in good faith and had reasonable grounds for believing that it took no actions in violation of any law.

m.      **Election of Remedies.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are subject to election of remedies.

n.      **No Punitive Damages.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff is not entitled to any punitive damages since Schlumberger was not grossly negligent and there was no willful or wanton violation of any

legal requirement attributable to Schlumberger.

o.   **Clear and Convincing Evidence.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claim for punitive damages is barred for one or more of the following reasons: (a) Plaintiff cannot prove by clear and convincing evidence that Schlumberger was grossly negligent, and (b) Schlumberger has neither acted nor failed to act in any manner which entitles Plaintiff to recover punitive damages.

p.   **Offset.** Schlumberger further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's alleged damages, if any, must be reduced by an offset.

q.   **No Contract**. Schlumberger further pleads, if such be necessary, and pleading in the alternative, that there was no contract between itself and Plaintiff.

r.   **Standing**.   Schlumberger further pleads, if such be necessary, and pleading in the alternative that Plaintiff lacks standing to sue Schlumberger and that Schlumberger is not a proper party to this lawsuit.

s.   **Capacity.** Schlumberger further pleads, if such be necessary, and pleading in the alternative that Schlumberger is not liable in the capacity in which it was sued.

t.   **No Duty.** Schlumberger further pleads, if such be necessary, and pleading in the alternative that it owed no duty to Plaintiff.

u.   **No Proximate Cause.** Schlumberger further pleads, if such be necessary, and pleading in the alternative that any alleged negligence or gross negligence by Schlumberger was not the proximate cause of any alleged damages or harm claimed by Plaintiff. Schlumberger also pleads, if such be necessary, and pleading in the alternative that any alleged damages or harm claimed by Plaintiff were not foreseeable.

v.   **No Damages.** Schlumberger further pleads, if such be necessary, and pleading in

4

the alternative that Plaintiff has not been subjected to any monetary, emotional or psychological damages as a result of any alleged actions by Schlumberger

w.      **Additional Defenses.** Schlumberger expressly reserves the right to allege or assert additional affirmative defenses as revealed by discovery and further investigation in this case.

**DEFENDANT SCHLUMBERGER N.V.'S (SCHLUMBERGER LIMITED) FIRST AMENDED SPECIAL EXCEPTIONS TO PLAINTIFF'S THIRD AMENDED PETITION**

Defendant Schlumberger N.V. (Schlumberger Limited) (hereinafter referred to as "Schlumberger") files its First Amended Special Exceptions to Plaintiff's Third Amended Petition ("Petition") pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, and in support thereof would respectfully show this Court as follows:

## I.      STANDARD OF REVIEW

The Texas Rules of Civil Procedure authorize the use of special exceptions to identify defects, omissions, or other insufficiency in the pleadings. *See* Tex. R. Civ. P. 91. Special exceptions may be used to question the sufficiency in law of a claim or cause of action. *See Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ). If a trial court sustains the special exceptions and the offending party refuses to amend, then summary judgment may be granted. *Freisenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) (citing *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974)).

## II.      SPECIAL EXCEPTIONS

Pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, Schlumberger specially excepts to the following portions of Plaintiff's Third Amended Petition:

a.      **No Maximum Damages.** Schlumberger specially excepts to Plaintiff's Third Amended Petition because Plaintiff failed to plead the maximum amount of damages sought

5

from Schlumberger as required by Texas Rule of Civil Procedure 47(c). Rule 47 specifically provides "that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed." *See* TEX. R. CIV. P. 47(d). In accordance with Rule 47, Plaintiff may not conduct discovery until her pleading is amended to comply. *See id.* The Court should order Plaintiff to amend her Third Amended Petition to assert a maximum amount of damages. Should Plaintiff fail to amend her Third Amended Petition to address this defect, the Court should strike Plaintiff's Third Amended Petition and dismiss Plaintiff's claims with prejudice.

      b.    **No Statement of Monetary Relief Sought.** Schlumberger specially excepts to Plaintiff's Third Amended Petition because it does not include a statement of the monetary relief sought by Plaintiff as required by Rule 47(c) of the Texas Rules of Civil Procedure. The Court should order Plaintiff to amend her Third Amended Petition to include a statement of the monetary relief she seeks. Should Plaintiff fail to amend her Third Amended Petition to address this defect, the Court should strike Plaintiff's Third Amended Petition and dismiss Plaintiff's claims with prejudice.

      c.    **Failure to State a Claim: Negligence.** Schlumberger specially excepts to Paragraphs Nos. 11, 13-14 of Plaintiff's Third Amended Petition because Plaintiff fails to state a claim upon which relief can be granted against Schlumberger. Particularly, Plaintiff fails to provide allegations as to each element of the claim of negligence. A plaintiff may recover for injury on the theory of negligence when: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's damages. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Plaintiff's Third Amended Petition is devoid of any allegations that Schlumberger (1) owed a legal duty to

Plaintiff; (2) breached that duty; or that (3) Schlumberger's breach proximately caused the Plaintiff's damages. *Nabors*, 288 S.W.3d at 404. The Court should require Plaintiff to amend her Third Amended Petition to include factual allegations as to each element of Plaintiff's negligence claims against Schlumberger. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 11, 13-14 of Plaintiff's Third Amended Petition and dismiss Plaintiff's negligence claim with prejudice.

        d.    **Failure to State a Claim: Gross Negligence.** Schlumberger specially excepts to Paragraphs Nos. 11, 13-15 of Plaintiff's Third Amended Petition because Plaintiff fails to state a claim upon which relief can be granted. Particularly, Plaintiff fails to provide allegations as to each element of the claim of gross negligence against Schlumberger. "Gross negligence" means an act or omission by Schlumberger:  (a) which when viewed objectively from the standpoint of Schlumberger, at the time of its occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which Schlumberger had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff.  *See Lockett v. HB Zachry Co.*,  285 S.W.3d 63, 77 (Tex. App.–Houston [1 Dist.] 2009, no pet.). Plaintiff's Third Amended Petition is devoid of any allegations that Schlumberger committed any act or omission when viewed objectively from the standpoint of Schlumberger involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, or that Schlumberger committed any act or omission with conscious indifference to the rights, safety, or welfare of the Plaintiff. The Court should require Plaintiff to amend her Third Amended Petition to include factual allegations as to each element of Plaintiff's gross negligence claims against Schlumberger. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 11, 13-15 of Plaintiff's

Third Amended Petition and dismiss Plaintiff's gross negligence claim with prejudice.

    e.    **Lack of Fair Notice: Maintenance and Cure.** Schlumberger specially excepts to Paragraph No. 14 of Plaintiff's Third Amended Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against Schlumberger pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Specifically, Plaintiff alleges that "Defendant" failed to pay her maintenance and cure. It is unclear which of the defendants in this lawsuit Plaintiff is referring to. Plaintiff further alleges that she is seeking punitive damages against "Defendant." It is likewise unclear which of the defendants in this lawsuit Plaintiff is seeking punitive damages from. The Court should order Plaintiff to amend her Third Amended Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 14 of Plaintiff's Third Amended Petition.

    f.    **Lack of Fair Notice: Gross Negligence.** Plaintiff specially excepts to Paragraph No. 15 of Plaintiff's Third Amended Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against Schlumberger pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Plaintiff uses the term "Defendant" throughout Paragraph No. 15 when discussing her gross negligence claim. It is unclear which of the defendants in this lawsuit Plaintiff's allegations are directed against. The Court should order Plaintiff to amend her Third Amended Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 15 of Plaintiff's Third Amended Petition.

## PRAYER

    WHEREFORE, PREMISES CONSIDERED, Schlumberger N.V. (Schlumberger Limited) respectfully requests that the Court sustain its Special Exceptions and order that Plaintiff replead to cure her pleading defects, and, if Plaintiff fails to cure her pleading defects,

Unofficial Copy Office of Chris Daniel District Clerk

strike the defective portions of Plaintiff's Petition and dismiss Plaintiff's claims against Schlumberger with prejudice.

Schlumberger also respectfully prays that Plaintiff take nothing; that Plaintiff's claims against Schlumberger be dismissed with prejudice; and that Schlumberger recover such further relief, both general and specific, at law and in equity, to which it may be justly entitled.

Dated: November 17, 2014                    Respectfully submitted,

                                           **BAKER & HOSTETLER LLP**

                                           By: */s/ Michelle D. Pector*
                                           Michelle D. Pector
                                           State Bar No. 24027726
                                           mpector@bakerlaw.com
                                           Cody T. Vasut
                                           State Bar No. 24084012
                                           cvasut@bakerlaw.com
                                           811 Main Street, Suite 1100
                                           Houston, Texas 77002
                                           (713) 751-1600 (Telephone)
                                           (713) 751-1717 (Facsimile)

                                           **COUNSEL FOR DEFENDANT**
                                           **SCHLUMBERGER N.V.**
                                           **(SCHLUMBERGER LIMITED)**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all

parties of record in accordance with the Texas Rules of Civil Procedure on November 17, 2014.

*Via E-mail*
Michael E. Pierce
michael@pcsblaw.com
M. Paul Skrabanek
paul@pcsblaw.com
PIERCE CHAPMAN SKRABANEK BRUERA, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
*Counsel for Plaintiff Samantha Sanders*

*Via Fax*
Michael D. Mitchell
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
(713) 655-0020 (Fax)
*Counsel for Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS*

                                        */s/ Michelle D. Pector*
                                        Michelle Pector

Unofficial Copy Office of Chris Daniel District Clerk

12/9/2014 2:29:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3427782
By: JEANETTA SPENCER
Filed: 12/9/2014 2:29:22 PM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| Cambrian Consultants (CC) America, Inc., | § | HARRIS COUNTY, TEXAS |
| d/b/a RPS, WesternGeco AS, | § | |
| WesternGeco, LLC, | § | |
| Schlumberger, Ltd and Volstad | § | |
| Maritime AS | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

## FOURTH AMENDED PETITION

Plaintiff complains of Defendants Cambrian Consultants (CC) America, Inc. d/b/a RPS (hereinafter "RPS"), WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and Volstad Maritime AS (collectively "Defendants") and would respectfully show the Court that:

### I.

### Jurisdiction

1.     This Court has jurisdiction under the Savings to Suitors clause.  28 U.S.C. § 1333.  Further, is well-settled that this Jones Act case is not removable.  *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### II.

### Venue

2.     Venue is proper in this District because Defendants are residents of this County.

EXHIBIT C

1

## III.

### Discovery Level

3.      Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## IV.

### Statement Regarding Monetary Relief Sought

4.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief for more than $200,000 but not more than $1 million.  Discovery in this matter has just commenced and, therefore, Plaintiff cannot reliably state a maximum amount damages she is seeking at this time, and reserves her right to supplement in accordance with the Texas Rules of Civil Procedure.

## V.

### Parties

5.      Plaintiff is an American seaman and is a resident of Alabama.

6.      Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS is a Texas company that may be served through its counsel Michael Mitchell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002, michael.mitchell@ogletreedeakins.com.

7.      Defendant Schlumberger, Ltd. is a Texas company that has been served and has made an appearance in this case.

8.       Defendant WesternGeco AS is a subsidiary of Schlumberger, Ltd. and is headquartered in Houston, Texas.  It may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9.      Defendant WesternGeco LLC is a subsidiary of Schlumberger, Ltd and is headquartered in Houston, Texas. It may be served through its office at 10001 Richmond Ave, Houston, Texas 77042.

10.     Defendant Volstad Maritime AS is a Norwegian company that is headquartered at Klaus Nilsensgt. 6 P.O. Box 1137 Sentrum 6001 Aalesund.

## VI.

### Facts

11.     On or about October 1, 2013, Plaintiff was employed by RPS aboard the vessel Geco Tau, which was owned, operated and/or managed by WesternGeco, Schlumberger and Volstad Maritime AS under a time charter. While the Geco Tau was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was sexually assaulted by the captain of the vessel. The captain was employed by Volstad Maritime AS at the time of the incident. Prior to this time, Plaintiff's co-worker was also the victim of sexual advances by the captain. On October 1, 2013, the captain grabbed Plaintiff from behind and began rubbing against her. Plaintiff immediately rebuffed the advances. After approaching management at both RPS and WesternGeco, the captain again made advances on Plaintiff on October 8, 2013. This time the captain attempted to kiss Plaintiff. Again, management turned a blind eye. Ultimately, Plaintiff was finally taken off the vessel.

## VII.

### Causes of Action

*A. Negligence and Gross Negligence*

12.     Plaintiff repeats and realleges each allegation contained above.

13.     As Plaintiff's employer, RPS owed a duty to Plaintiff to ensure that Plaintiff was working aboard a seaworthy vessel with safe working conditions. Defendants WesternGeco, Schlumberger and Volstad Maritime AS owed Plaintiff a duty as the owners, operators and managers of the Geco Tau Vessel. Defendants had a duty to ensure that the crew aboard their vessel was working in a safe manner and that Plaintiff was free from harassment while aboard the vessel.

14.     Defendants breached their duty and were collectively negligent and grossly negligent for the following reasons:

      a.    failure to properly supervise its crew;

      b.    failure to properly train its employees;

      c.    failure to provide an adequate crew;

      d.    failure to adequately screen the captain;

      e.    failure to take timely action upon notice the captain was sexually harassing female crewmembers;

      f.    failure to prudently supervise the job;

      g.    operating the vessel in an improper and unsafe manner;

      h.    vicariously liable for their employees' negligence and gross negligence; and

      i.    other acts deemed negligent and grossly negligent.

15.     At all relevant times, the Geco Tau was unseaworthy.

16.     As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress.

17.     Plaintiff sustained injuries, which resulted in physical pain, mental anguish, and other medical problems.   Plaintiff has sustained severe pain, physical impairment,

discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Plaintiff's employer Cambrian Consultants (CC) America, Inc. d/b/a RPS has failed to pay.  Plaintiff seeks punitive damages against Defendant RPS for arbitrarily and improperly denying maintenance and cure.   Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

18.    Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent.   Defendants RPS, WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and Volstad Maritime AS acted with flagrant and malicious disregard of Plaintiff's health and safety.  Defendants were subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them.  Instead, Defendants had Plaintiff and other crewmembers continue working despite the dangerous conditions that were posed to them.  Defendants did so knowing that the conditions posed dangerous and grave safety concerns.  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

5

## VIII.

## <u>Jury Trial</u>

19.    Plaintiff hereby requests a trial by jury on all claims.

## IX.

## <u>Prayer</u>

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled, which includes but is not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future maintenance and cure;

- Exemplary damages; and

- Attorneys' fees

Respectfully submitted,

**PIERCE CHAPMAN
SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
        paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

**VIA FACSIMILE 713-751-1717 and/or E-service**
Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendants Schlumberger N.V. and WesternGeco, L.L.C.***

**VIA FACSIMILE 713-655-0020 and/or E-service**
Michael Mitchell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
***Counsel for Cambrian Consultants (CC) America, Inc. d/b/a RPS***

  _/s/ M. Paul Skrabanek_____
  M. Paul Skrabanek

12/10/2014 4:18:56 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3447120
By: JEANETTA SPENCER
Filed: 12/10/2014 4:18:56 PM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| Cambrian Consultants (CC) America, Inc., | § | HARRIS COUNTY, TEXAS |
| d/b/a RPSWesternGeco AS, | § | |
| WesternGeco, LLC, | § | |
| Schlumberger, Ltd and Volstad | § | |
| Maritime AS | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO DEFENDANT WESTERNGECO L.L.C'S SPECIAL EXCEPTIONS TO PLAINTIFF'S THIRD AMENDED PETITION

Plaintiff respectfully requests that the Court deny Defendant's Special Exceptions to Plaintiff's Third Amended Petition for the following reasons:

(1)    The majority of Defendant's special exceptions have been resolved by the filing of Plaintiff's Fourth Amended Petition.

(2)    Plaintiff has adequately pled each element of her negligence claim in accordance with the pleading requirements of the Texas Rules of Civil Procedure.

(3)    Plaintiff's Fourth Amended Petition clearly states that Defendants were collectively grossly negligent because they had knowledge of the Captain's previous sexual advances to female crewmembers and did nothing to rectify the situation.

## I.

## Evidence

**Exhibit A:**   Plaintiff's Third Amended Petition, October 13, 2014

**Exhibit B:**   Defendant WesternGeco LLC's Original Answer, Affirmative Defenses and Special Exceptions to Plaintiff's Third Amended Petition

**Exhibit C:**   Plaintiff's Fourth Amended Petition, December 9, 2014

## II.

### The Court Should Deny Defendant's Special Exceptions

The vast majority of Defendant's Special Exceptions to Plaintiff's Third Amended Petition have been resolved by Plaintiff's Fourth Amended Petition, which was filed on December 9, 2014. Namely, Plaintiff amended the petition to include (1) the maximum damages and monetary relief sought in accordance with Texas Rule of Civil Procedure 47(c); (2) RPS as the Defendant responsible for maintenance and cure; and (3) all Defendants are named in Plaintiff's gross negligence claim. *See* Ex. C.

Additionally, Plaintiff's Fourth Amended Petition includes detailed allegations regarding WesternGeco, LLC's (1) duty to Plaintiff; (2) breach of that duty; and (3) breach caused Plaintiff's damages. *See* Ex. C. at ¶13-17. The remaining special exceptions that Plaintiff will address are the failure to state a claim for Plaintiff's negligence and gross negligence causes of action. Specifically, Defendant contends that Plaintiff must plead detailed factual allegations as to each element of Plaintiff's negligence claims against WesternGeco, LLC. *See* Ex. B. at 7. In regards to gross negligence, Defendant claims that Plaintiff has failed to plead that it committed any act or omission with conscious indifference to the rights, safety or welfare of Plaintiff. *Id*. Defendant's remaining special exceptions are improper and premature, consequently they should be denied.

### A.   *Plaintiff has Adequately Pled his Negligence Cause of Action*

It is well settled that purpose of pleadings is to give "the adverse parties notice of each party's claims and defenses, as well as notice of the relief sought." *See Perez v. Briercroft Serv. Cor*p., 809 S.W.2d 216, 218 (Tex. 1991). A cursory reading of Plaintiff's

Fourth Amended Petition clearly shows that Plaintiff has adequately pled sufficient factual allegations to support his negligence claim and to provide Defendant with notice of his allegations and the relief sought:

- **Duty:** As Plaintiff's employer, RPS owed a duty to Plaintiff to ensure that Plaintiff was working aboard a seaworthy vessel with safe working conditions. Defendants WesternGeco, Schlumberger and Volstad Maritime AS owed Plaintiff a duty as the owners, operators and managers of the Geco Tau Vessel. Defendants had a duty to ensure that the crew aboard their vessel was working in a safe manner and that Plaintiff was free from harassment while aboard the vessel. *See* Ex. C. at ¶ 13.

- **Breach of Duty:** Defendants breached their duty and were collectively negligent and grossly negligent for the following reasons: (a) failure to properly supervise its crew; (b) failure to properly train its employees; (c) failure to provide an adequate crew; (d) failure to adequately screen the captain; (e) failure to take timely action upon notice the captain was sexually harassing female crewmembers; (f) failure to prudently supervise the job; (g) operating the vessel in an improper and unsafe manner; (h) vicariously liable for their employees' negligence and gross negligence; and (i) other acts deemed negligent and grossly negligent. *Id.* at ¶ 14

- **Causation:** As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress. *Id.* at ¶ 16.

- **Damages:** Plaintiff sustained injuries, which resulted in physical pain, mental anguish and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. *Id.* at ¶ 17.

As demonstrated above, Plaintiff has met her burden of adequately pleading her negligence claim sufficiently to give Defendant's notice. Moreover, Defendant's special exception is premature given that discovery has just commenced and it is anticipated that Plaintiff will uncover additional facts supporting her negligence claim. Thus, Defendant's special exception regarding Plaintiff's failure to state a negligence claim should be denied.

**B.    *Plaintiff has Provided Sufficient Facts to Support her Gross Negligence Claim***

Defendant mistakenly alleges that Plaintiff has failed to state a gross negligence claim because the pleadings do not show that it "committed any act or omission that involved an

extreme degree of risk or conscious indifference to the rights, safety of welfare of the Plaintiff." *See* Ex. B. at 7.   However, Plaintiff's Fourth Amended Petition states that Defendants collectively had a duty to ensure that Plaintiff was working in safe conditions and Defendants breached this duty by failing to properly supervise its crew, provide adequate crew or take timely action upon the captain that was sexually harassing crewmembers. *See* Ex. C. at ¶ 13-14.  Additionally, Plaintiff claims that the captain had a history of sexual harassing female crewmembers. *Id*. at ¶ 11. Defendants are grossly negligent because they "were subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them." *Id*. at ¶ 18. Plaintiff further alleges that by turning a blind eye, Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. *Id*. at ¶ 11, 18. Plaintiff has adequately pled her gross negligence claim, thus Defendant's special exception should be denied.

### III.

### Conclusion

Plaintiff respectfully requests that the Court deny Defendant WesternGeco LLC's Special Exceptions to Plaintiff's Third Amended Petition.

Respectfully submitted,

**PIERCE CHAPMAN**
**SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
        paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of December, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

**VIA FACSIMILE 713-751-1717 and/or E-service**
Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendants Schlumberger N.V. and WesternGeco, L.L.C.***

**VIA FACSIMILE 713-655-0020 and/or E-service**
Michael Mitchell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
***Counsel for Cambrian Consultants (CC) America, Inc. d/b/a RPS***

_/s/ M. Paul Skrabanek_____
M. Paul Skrabanek

6

10/13/2014 10:15:48 AM
Chris Daniel - District Clerk Harris County
Envelope No. 2805012
By: GAYLE FULLER
Filed: 10/13/2014 10:15:48 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| Cambrian Consultants (CC) America, Inc., | § | HARRIS COUNTY, TEXAS |
| d/b/a RPSWesternGeco AS, | § | |
| WesternGeco, LLC, | § | |
| Schlumberger, Ltd and Volstad | § | |
| Maritime AS | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

## **THIRD AMENDED PETITION**

Plaintiff complains of Defendants Cambrian Consultants (CC) America, Inc. d/b/a RPS, WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and Volstad Maritime AS (collectively "Defendants") and would respectfully show the Court that:

### **I.**

### **Jurisdiction**

1.     This Court has jurisdiction under the Savings to Suitors clause.  28 U.S.C. § 1333.  Further, is well-settled that this Jones Act case is not removable.  *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### **II.**

### **Venue**

2.     Venue is proper in this District because Defendants are residents of this County.

EXHIBIT A

1

## III.

### Discovery Level

3.      Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## IV.

### Parties

4.      Plaintiff is an American seaman and is a resident of Alabama.

5.      Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS is a Texas company that may be served through its counsel Michael Mitchell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002, michael.mitchell@ogletreedeakins.com.

6.      Defendant Schlumberger, Ltd. is a Texas company that has been served and has made an appearance in this case.

7.      Defendant WesternGeco AS is a subsidiary of Schlumberger, Ltd. and is headquartered in Houston, Texas.  It may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.      Defendant WesternGeco LLC is a subsidiary of Schlumberger, Ltd and is headquartered in Houston, Texas. It may be served through its office at 10001 Richmond Ave, Houston, Texas 77042.

9.      Defendant Volstad Maritime AS is a Norwegian company that is headquartered at Klaus Nilsensgt. 6  P.O. Box 1137 Sentrum  6001 Aalesund.

## V.

## Nature of the Action

10.     On or about October 1, 2013, Plaintiff was employed by RPS aboard the vessel Geco Tau, which was owned, operated and/or managed by WesternGeco, Schlumberger and Volstad Maritime AS under a time charter.   While the Geco Tau was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was sexually assaulted by the captain of the vessel. The captain was employed by Volstad Maritime AS at the time of the incident.   Prior to this time, Plaintiff's co-worker was also the victim of sexual advances by the captain.   On October 1, 2013, the captain grabbed Plaintiff from behind and began rubbing against her.   Plaintiff immediately rebuffed the advances.   After approaching management at both RPS and WesternGeco, the captain again made advances on Plaintiff on October 8, 2013.   This time the captain attempted to kiss Plaintiff.   Again, management turned a blind eye.   Ultimately, Plaintiff was finally taken off the vessel.

11.     Defendants were negligent and grossly negligent for the following reasons:

a.     failure to properly supervise its crew;

b.     failure to properly train its employees;

c.     failure to provide an adequate crew;

d.     failure to adequately screen the captain;

e.     failure to take timely action upon notice the captain was sexually harassing female crewmembers;

f.     failure to prudently supervise the job;

g.     operating the vessel in an improper and unsafe manner;

3

i.      vicariously liable for their employees' negligence and gross negligence; and

h.      other acts deemed negligent and grossly negligent.

12.     At all relevant times, the Geco Tau was unseaworthy.

13.     As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress.

14.     Plaintiff sustained injuries, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Defendant has failed to pay.  Plaintiff seeks punitive damages against Defendant for arbitrarily and improperly denying maintenance and cure.   Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

15.     Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent.  Defendant acted with flagrant and malicious disregard of Plaintiff's health and safety.  Defendant was subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendant had Plaintiff and other crewmembers continue working despite the dangerous conditions that were posed to them.  Defendant did so knowing that the conditions posed dangerous and grave safety concerns.  Defendant's acts and omissions involved an

4

extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.

### Jury Trial

16.     Plaintiff hereby requests a trial by jury on all claims.

## VII.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled, which includes but is not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future physical pain and suffering and mental anguish;
- Past and future impairment;
- Past and future maintenance and cure;
- Exemplary damages; and
- Attorneys' fees

5

Respectfully submitted,

**PIERCE CHAPMAN**
**SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
                paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendant Schlumberger N.V.***

_/s/ M. Paul Skrabanek_____
M. Paul Skrabanek

6

11/17/2014 9:26:45 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3193304
By: JEANETTA SPENCER
Filed: 11/17/2014 9:26:45 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| SAMANTHA SANDERS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CAMBRIAN CONSULTANTS (CC) | § | |
| AMERICA, INC., D/B/A RPS, | § | |
| WESTERNGECO AS, WESTERNGECO | § | |
| LLC, SCHLUMBERGER, LTD., AND | § | |
| VOLSTAD MARITIME AS, | § | 215th JUDICIAL DISTRICT COURT |

**DEFENDANT WESTERNGECO L.L.C.'S ORIGINAL ANSWER,
AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS
TO PLAINTIFF'S THIRD AMENDED PETITION**

Defendant WesternGeco, L.L.C. (hereinafter referred to as "WesternGeco"), files this, its

Original Answer, Affirmative Defenses, and Special Exceptions to Plaintiff Samantha Sanders's

("Plaintiff") Third Amended Petition, and in support thereof would show the Court as follows:

**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

**I.     GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, WesternGeco denies each

and every allegation contained in Plaintiff's Third Amended Petition, including any

amendments or supplements to such allegations (collectively "Petition"). WesternGeco

demands strict proof of such allegations by a preponderance of the evidence, as required by

the Constitution and laws of the State of Texas.

**II.     SPECIAL DENIAL**

WesternGeco denies that the conditions precedent to recovery have occurred.

**III.     AFFIRMATIVE DEFENSES**

By way of further Answer, if such be necessary, WesternGeco hereby pleads the following

Affirmative Defenses, which are pled in the alternative, but only to the extent necessary:

EXHIBIT B

a.     **Failure to State a Claim.** WesternGeco pleads, if such be necessary, and pleading in the alternative, that Plaintiff fails to state a claim or cause of action upon which relief can be granted.

b.     **Plaintiff is not a Seaman**. WesternGeco pleads, if such be necessary, and pleading in the alternative, that Plaintiff was not a seaman within the meaning of the Jones Act or the general maritime law.

c.     **Federal Employee's Compensation Act.** WesternGeco pleads, if such be necessary, and pleading in the alternative, that Plaintiff's sole remedy for work related injuries is provided by the Federal Employee's Compensation Act.

d.     **WesternGeco is not the Owner of Volstad Tau.** WesternGeco pleads, if such be necessary, and pleading in the alternative, that WesternGeco did not own, operate, maintain, or supervise the work or activities of the Vessel, which was owned, operated, controlled, and maintained by Volstad Seismic AS.

e.     **Third Parties.** WesternGeco pleads, if such be necessary, and pleading in the alternative, that Plaintiff's damages, if any, were caused solely or in part by the negligence or fault of third parties for whom WesternGeco is not legally responsible.

f.     **Independent Cause.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that the damages sought by Plaintiff, if any, were proximately caused, in whole or in part, by independent, intervening, or superseding causes, including acts and omissions of others over whom WesternGeco had no control or right of control.

g.     **Mitigation.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff failed to mitigate her damages, in whole or in part, if any.

h.     **Denial of Agency.** WesternGeco further pleads, if such be necessary and pleading in the alternative, that the Captain of the Volstad Tau was not WesternGeco's agent

2

or employee and WesternGeco is not liable for any of his conduct alleged to have occurred by Plaintiff.

i.      **Employer Status.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that WesternGeco did not employ Plaintiff, is not an "employer" or "joint employer" of Plaintiff under any statute, rule, regulation, or precedent relevant to Plaintiff's claims for relief, and thus cannot be liable to Plaintiff.

j.      **Lack of Supervisory Duty.** WesternGeco further pleads, if such be necessary and pleading in the alternative, that WesternGeco did not supervise, direct, or control Plaintiff or the performance of Plaintiff's job duties for her employer at any time.

k.      **Credit for Maintenance and Cure.** WesternGeco further pleads, if such be necessary and pleading in the alternative, that to the extent that any party has paid maintenance and cure and/or worker's compensation benefits to or on behalf of Plaintiff, then a credit for all sums paid must be applied as an offset to Plaintiff's alleged damages.

l.      **Good Faith.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that it has conducted itself in good faith and had reasonable grounds for believing that it took no actions in violation of any law.

m.      **Election of Remedies.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are subject to election of remedies.

n.      **No Punitive Damages.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff is not entitled to any punitive damages since WesternGeco was not grossly negligent and there was no willful or wanton violation of any legal requirement attributable to WesternGeco.

3

o.      **Clear and Convincing Evidence.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claim for punitive damages is barred for one or more of the following reasons: (a) Plaintiff cannot prove by clear and convincing evidence that WesternGeco was grossly negligent, and (b) WesternGeco has neither acted nor failed to act in any manner which entitles Plaintiff to recover punitive damages.

p.      **Offset.** WesternGeco further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's alleged damages, if any, must be reduced by an offset.

q.      **No Contract**. WesternGeco further pleads, if such be necessary, and pleading in the alternative, that there was no contract between itself and Plaintiff.

r.      **Standing**.      WesternGeco further pleads, if such be necessary, and pleading in the alternative that Plaintiff lacks standing to sue WesternGeco and that WesternGeco is not a proper party to this lawsuit.

s.      **Capacity.** WesternGeco further pleads, if such be necessary, and pleading in the alternative that WesternGeco is not liable in the capacity in which it was sued.

t.      **No Duty.** WesternGeco further pleads, if such be necessary, and pleading in the alternative that it owed no duty to Plaintiff.

u.      **No Proximate Cause.** WesternGeco further pleads, if such be necessary, and pleading in the alternative that any alleged negligence or gross negligence by WesternGeco was not the proximate cause of any alleged damages or harm claimed by Plaintiff. WesternGeco also pleads, if such be necessary, and pleading in the alternative that any alleged damages or harm claimed by Plaintiff were not foreseeable.

v.      **No Damages.** WesternGeco further pleads, if such be necessary, and pleading in the alternative that Plaintiff has not been subjected to any monetary, emotional or psychological

4

damages as a result of any alleged actions by WesternGeco

     w.    **Additional Defenses.** WesternGeco expressly reserves the right to allege or assert additional affirmative defenses as revealed by discovery and further investigation in this case.

## DEFENDANT WESTERNGECO, L.L.C.'S SPECIAL EXCEPTIONS TO PLAINTIFF'S THIRD AMENDED PETITION

Defendant WesternGeco, L.L.C. (hereinafter referred to as "WesternGeco") files its Special Exceptions to Plaintiff's Third Amended Petition ("Petition") pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, and in support thereof would respectfully show this Court as follows:

### I.    STANDARD OF REVIEW

The Texas Rules of Civil Procedure authorize the use of special exceptions to identify defects, omissions, or other insufficiency in the pleadings. *See* Tex. R. Civ. P. 91. Special exceptions may be used to question the sufficiency in law of a claim or cause of action. *See Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ). If a trial court sustains the special exceptions and the offending party refuses to amend, then summary judgment may be granted. *Freisenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) (citing *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex. 1974)).

### II.    SPECIAL EXCEPTIONS

Pursuant to Rules 90 and 91 of the Texas Rules of Civil Procedure, WesternGeco specially excepts to the following portions of Plaintiff's Third Amended Petition:

     a.    **No Maximum Damages.** WesternGeco specially excepts to Plaintiff's Third Amended Petition because Plaintiff failed to plead the maximum amount of damages sought from WesternGeco as required by Texas Rule of Civil Procedure 47(c). Rule 47 specifically

provides "that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed." *See* TEX. R. CIV. P. 47(d). In accordance with Rule 47, Plaintiff may not conduct discovery until her pleading is amended to comply. *See id.* The Court should order Plaintiff to amend her Third Amended Petition to assert a maximum amount of damages. Should Plaintiff fail to amend her Third Amended Petition to address this defect, the Court should strike Plaintiff's Third Amended Petition and dismiss Plaintiff's claims with prejudice.

      b.    **No Statement of Monetary Relief Sought.** WesternGeco specially excepts to Plaintiff's Third Amended Petition because it does not include a statement of the monetary relief sought by Plaintiff as required by Rule 47(c) of the Texas Rules of Civil Procedure. The Court should order Plaintiff to amend her Third Amended Petition to include a statement of the monetary relief she seeks. Should Plaintiff fail to amend her Third Amended Petition to address this defect, the Court should strike Plaintiff's Third Amended Petition and dismiss Plaintiff's claims with prejudice.

      c.    **Failure to State a Claim: Negligence.** WesternGeco specially excepts to Paragraphs Nos. 11, 13-14 of Plaintiff's Third Amended Petition because Plaintiff fails to state a claim upon which relief can be granted against WesternGeco. Particularly, Plaintiff fails to provide allegations as to each element of the claim of negligence. A plaintiff may recover for injury on the theory of negligence when: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's damages. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Plaintiff's Third Amended Petition is devoid of any allegations that WesternGeco (1) owed a legal duty to Plaintiff; (2) breached that duty; or that (3) WesternGeco's breach proximately caused the Plaintiff's damages. *Nabors*, 288

S.W.3d at 404. The Court should require Plaintiff to amend her Third Amended Petition to include factual allegations as to each element of Plaintiff's negligence claims against WesternGeco. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 11, 13-14 of Plaintiff's Third Amended Petition and dismiss Plaintiff's negligence claim with prejudice.

   d.  **Failure to State a Claim: Gross Negligence.** WesternGeco specially excepts to Paragraphs Nos. 11, 13-15 of Plaintiff's Third Amended Petition because Plaintiff fails to state a claim upon which relief can be granted. Particularly, Plaintiff fails to provide allegations as to each element of the claim of gross negligence against WesternGeco. "Gross negligence" means an act or omission by WesternGeco:  (a) which when viewed objectively from the standpoint of WesternGeco, at the time of its occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which WesternGeco had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff. *See Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 77 (Tex. App.–Houston [1 Dist.] 2009, no pet.). Plaintiff's Third Amended Petition is devoid of any allegations that WesternGeco committed any act or omission when viewed objectively from the standpoint of WesternGeco involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, or that WesternGeco committed any act or omission with conscious indifference to the rights, safety, or welfare of the Plaintiff. The Court should require Plaintiff to amend her Third Amended Petition to include factual allegations as to each element of Plaintiff's gross negligence claims against WesternGeco. Should Plaintiff refuse to do so, the Court should strike Paragraph Nos. 11, 13-15 of Plaintiff's Third Amended Petition and dismiss Plaintiff's gross negligence claim with prejudice.

e.      **Lack of Fair Notice: Maintenance and Cure.** WesternGeco specially excepts to Paragraph No. 14 of Plaintiff's Third Amended Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against WesternGeco pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Specifically, Plaintiff alleges that "Defendant" failed to pay her maintenance and cure. It is unclear which of the defendants in this lawsuit Plaintiff is referring to. Plaintiff further alleges that she is seeking punitive damages against "Defendant." It is likewise unclear which of the defendants in this lawsuit Plaintiff is seeking punitive damages from. The Court should order Plaintiff to amend her Third Amended Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 14 of Plaintiff's Third Amended Petition.

f.      **Lack of Fair Notice: Gross Negligence.** Plaintiff specially excepts to Paragraph No. 15 of Plaintiff's Third Amended Petition because Plaintiff has failed to provide facts sufficient to provide fair notice of Plaintiff's claims against WesternGeco pursuant to Rule 47(a) of the Texas Rules of Civil Procedure. Plaintiff uses the term "Defendant" throughout Paragraph No. 15 when discussing her gross negligence claim. It is unclear which of the defendants in this lawsuit Plaintiff's allegations are directed against. The Court should order Plaintiff to amend her Third Amended Petition to address these defects. Should Plaintiff refuse to do so, the Court should strike Paragraph No. 15 of Plaintiff's Third Amended Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, WesternGeco, L.L.C. respectfully requests that the Court sustain its Special Exceptions and order that Plaintiff replead to cure her pleading defects, and, if Plaintiff fails to cure her pleading defects, strike the defective portions of Plaintiff's Petition and dismiss Plaintiff's claims against WesternGeco with prejudice.

WesternGeco also respectfully prays that Plaintiff take nothing; that Plaintiff's claims against WesternGeco be dismissed with prejudice; and that WesternGeco recover such further relief, both general and specific, at law and in equity, to which it may be justly entitled.

Dated: November 17, 2014

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Michelle D. Pector*
Michelle D. Pector
State Bar No. 24027726
mpector@bakerlaw.com
Cody T. Vasut
State Bar No. 24084012
cvasut@bakerlaw.com
811 Main Street, Suite 1100
Houston, Texas 77002
(713) 751-1600 (Telephone)
(713) 751-1717 (Facsimile)

**COUNSEL FOR DEFENDANT
WESTERNGECO, L.L.C.**

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all

parties of record in accordance with the Texas Rules of Civil Procedure on November 17, 2014.

*Via E-mail*
Michael E. Pierce
michael@pcsblaw.com
M. Paul Skrabanek
paul@pcsblaw.com
PIERCE CHAPMAN SKRABANEK BRUERA, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
*Counsel for Plaintiff Samantha Sanders*

*Via Fax*
Michael D. Mitchell
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
(713) 655-0020 (Fax)
*Counsel for Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS*

/s/ Michelle D. Pector
Michelle Pector

12/9/2014 2:29:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3427782
By: JEANETTA SPENCER
Filed: 12/9/2014 2:29:22 PM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| Samantha Sanders | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| Cambrian Consultants (CC) America, Inc., | § | HARRIS COUNTY, TEXAS |
| d/b/a RPS, WesternGeco AS, | § | |
| WesternGeco, LLC, | § | |
| Schlumberger, Ltd and Volstad | § | |
| Maritime AS | § | |
| | § | |
| Defendants | § | 215TH JUDICIAL DISTRICT |

## FOURTH AMENDED PETITION

Plaintiff complains of Defendants Cambrian Consultants (CC) America, Inc. d/b/a

RPS (hereinafter "RPS"), WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and

Volstad Maritime AS (collectively "Defendants") and would respectfully show the Court

that:

### I.

### Jurisdiction

1.     This Court has jurisdiction under the Savings to Suitors clause.  28 U.S.C. §

1333.  Further, is well-settled that this Jones Act case is not removable.  *Lackey v. Atlantic

Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### II.

### Venue

2.     Venue is proper in this District because Defendants are residents of this

County.

EXHIBIT C

1

## III.

### Discovery Level

3.      Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### IV.

### Statement Regarding Monetary Relief Sought

4.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief for more than $200,000 but not more than $1 million.  Discovery in this matter has just commenced and, therefore, Plaintiff cannot reliably state a maximum amount damages she is seeking at this time, and reserves her right to supplement in accordance with the Texas Rules of Civil Procedure.

### V.

### Parties

5.      Plaintiff is an American seaman and is a resident of Alabama.

6.      Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS is a Texas company that may be served through its counsel Michael Mitchell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002, michael.mitchell@ogletreedeakins.com.

7.      Defendant Schlumberger, Ltd. is a Texas company that has been served and has made an appearance in this case.

8.       Defendant WesternGeco AS is a subsidiary of Schlumberger, Ltd. and is headquartered in Houston, Texas.  It may be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2

9.     Defendant WesternGeco LLC is a subsidiary of Schlumberger, Ltd and is headquartered in Houston, Texas. It may be served through its office at 10001 Richmond Ave, Houston, Texas 77042.

10.     Defendant Volstad Maritime AS is a Norwegian company that is headquartered at Klaus Nilsensgt. 6  P.O. Box 1137 Sentrum  6001 Aalesund.

## VI.

### Facts

11.     On or about October 1, 2013, Plaintiff was employed by RPS aboard the vessel Geco Tau, which was owned, operated and/or managed by WesternGeco, Schlumberger and Volstad Maritime AS under a time charter.  While the Geco Tau was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was sexually assaulted by the captain of the vessel. The captain was employed by Volstad Maritime AS at the time of the incident.  Prior to this time, Plaintiff's co-worker was also the victim of sexual advances by the captain.  On October 1, 2013, the captain grabbed Plaintiff from behind and began rubbing against her.  Plaintiff immediately rebuffed the advances.   After approaching management at both RPS and WesternGeco, the captain again made advances on Plaintiff on October 8, 2013.  This time the captain attempted to kiss Plaintiff.  Again, management turned a blind eye.  Ultimately, Plaintiff was finally taken off the vessel.

## VII.

### Causes of Action

*A. Negligence and Gross Negligence*

12.     Plaintiff repeats and realleges each allegation contained above.

3

13.     As Plaintiff's employer, RPS owed a duty to Plaintiff to ensure that Plaintiff was working aboard a seaworthy vessel with safe working conditions. Defendants WesternGeco, Schlumberger and Volstad Maritime AS owed Plaintiff a duty as the owners, operators and managers of the Geco Tau Vessel. Defendants had a duty to ensure that the crew aboard their vessel was working in a safe manner and that Plaintiff was free from harassment while aboard the vessel.

14.     Defendants breached their duty and were collectively negligent and grossly negligent for the following reasons:

  a. failure to properly supervise its crew;

  b. failure to properly train its employees;

  c. failure to provide an adequate crew;

  d. failure to adequately screen the captain;

  e. failure to take timely action upon notice the captain was sexually harassing female crewmembers;

  f. failure to prudently supervise the job;

  g. operating the vessel in an improper and unsafe manner;

  h. vicariously liable for their employees' negligence and gross negligence; and

  i. other acts deemed negligent and grossly negligent.

15.   At all relevant times, the Geco Tau was unseaworthy.

16.   As a result of said occurrence, Plaintiff suffered unwanted and offensive physical contact and severe emotional distress.

17.   Plaintiff sustained injuries, which resulted in physical pain, mental anguish, and other medical problems.   Plaintiff has sustained severe pain, physical impairment,

discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.  Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Plaintiff's employer Cambrian Consultants (CC) America, Inc. d/b/a RPS has failed to pay.  Plaintiff seeks punitive damages against Defendant RPS for arbitrarily and improperly denying maintenance and cure.   Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues.

18.    Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent.  Defendants RPS, WesternGeco AS, WesternGeco, LLC, Schlumberger, Ltd and Volstad Maritime AS acted with flagrant and malicious disregard of Plaintiff's health and safety.  Defendants were subjectively aware of the extreme risk posed by the conditions, which caused Plaintiff's injury, but did nothing to rectify them.  Instead, Defendants had Plaintiff and other crewmembers continue working despite the dangerous conditions that were posed to them.  Defendants did so knowing that the conditions posed dangerous and grave safety concerns.  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VIII.

## <u>Jury Trial</u>

19.     Plaintiff hereby requests a trial by jury on all claims.

## IX.

## <u>Prayer</u>

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled, which includes but is not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future maintenance and cure;

- Exemplary damages; and

- Attorneys' fees

Respectfully submitted,

**PIERCE CHAPMAN**
**SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*
_____
MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
          paul@pcsblaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

**VIA FACSIMILE 713-751-1717 and/or E-service**
Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendants Schlumberger N.V. and WesternGeco, L.L.C.***


**VIA FACSIMILE 713-655-0020 and/or E-service**
Michael Mitchell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
***Counsel for Cambrian Consultants (CC) America, Inc. d/b/a RPS***


         */s/ M. Paul Skrabanek*_____
         M. Paul Skrabanek

12/11/2014 8:44:27 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3450257
By: GAYLE FULLER
Filed: 12/11/2014 8:44:27 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| SAMANTHA SANDERS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | |
| | § | |
| CAMBRIAN CONSULTANTS (CC) | § | HARRIS COUNTY, TEXAS |
| AMERICA, INC., D/B/A RPS, | § | |
| WESTERNGECO AS, WESTERNGECO, | § | |
| LLC, SCHLUMBERGER, LTD., AND | § | |
| VOLSTAD MARITIME AS | § | 215th JUDICIAL DISTRICT COURT |

**NOTICE OF NONSUIT WITHOUT PREJUDICE OF SCHLUMBERGER, N.V. (SCHLUMBERGER LIMITED)**

Plaintiff Samantha Sanders files this Notice of Nonsuit Without Prejudice of its claims against Defendant Schlumberger, N.V. (Schlumberger Limited)—referred to in Plaintiff's Fourth Amended Petition as Schlumberger, Ltd.—pursuant to Rule 162 of the Texas Rules of Civil Procedure.

Date: December 11, 2014

Respectfully submitted,

**PIERCE CHAPMAN SKRABANEK BRUERA, PLLC**

By:/s/ *M. Paul Skrabanek*
Michael E. Pierce
State Bar No. 24039117
michael@pcsblaw.com
M. Paul Skrabanek
State Bar No. 24063005
paul@pcsblaw.com
3701 Kirby Drive, Suite 760
Houston, Texas 77098
(832) 690-7000 (Telephone)
(832) 575-4840 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

**VIA FACSIMILE 713-751-1717 and/or E-service**

Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendants Schlumberger N.V. and WesternGeco, L.L.C.***

**VIA FACSIMILE 713-655-0020 and/or E-service**

Michael Mitchell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
***Counsel for Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS***

/s/ *M. Paul Skrabanek*
M. Paul Skrabanek

2

12/16/2014 7:55:51 AM
Chris Daniel - District Clerk Harris County
Envelope No. 3496999
By: GAYLE FULLER
Filed: 12/16/2014 7:55:51 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| SAMANTHA SANDERS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | |
| | § | |
| CAMBRIAN CONSULTANTS (CC) | § | HARRIS COUNTY, TEXAS |
| AMERICA, INC., D/B/A RPS, | § | |
| WESTERNGECO AS, WESTERNGECO, | § | |
| LLC, SCHLUMBERGER, LTD., AND | § | |
| VOLSTAD MARITIME AS | § | 215th JUDICIAL DISTRICT COURT |

## NOTICE OF NONSUIT WITHOUT PREJUDICE OF WESTERNGECO AS

Plaintiff Samantha Sanders files this Notice of Nonsuit Without Prejudice of her claims

against Defendant WesternGeco AS pursuant to Rule 162 of the Texas Rules of Civil Procedure.

Date: December 16, 2014                    Respectfully submitted,

**PIERCE CHAPMAN SKRABANEK
BRUERA, PLLC**


By:/s/ *M. Paul Skrabanek*
Michael E. Pierce
State Bar No. 24039117
michael@pcsblaw.com
M. Paul Skrabanek
State Bar No. 24063005
paul@pcsblaw.com
3701 Kirby Drive, Suite 760
Houston, Texas 77098
(832) 690-7000 (Telephone)
(832) 575-4840 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Chris Daniel District Clerk

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 16th day of December, 2014, a true and correct copy of the above and foregoing instrument was served by E-service and/or facsimile to counsel of record.

<u>**VIA FACSIMILE 713-751-1717 and/or E-service**</u>

Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002
***Counsel for Defendant WesternGeco, L.L.C.***

<u>**VIA FACSIMILE 713-655-0020 and/or E-service**</u>

Michael Mitchell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002
***Counsel for Defendant Cambrian Consultants (CC) America, Inc. d/b/a RPS***

*/s/ M. Paul Skrabanek*
M. Paul Skrabanek

3/9/2015 9:58:21 AM
Chris Daniel - District Clerk Harris County
Envelope No. 4414694
By: GAYLE FULLER
Filed: 3/9/2015 9:58:21 AM

CAUSE NO. 2014-46060

| | | |
|---|---|---|
| SAMANTHA SANDERS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| CAMBRIAN CONSULTANTS (CC) | § | HARRIS COUNTY, TEXAS |
| AMERICA, INC., D/B/A RPS, | § | |
| WESTERNGECO AS, WESTERNGECO , | § | |
| LLC AND SCHLUMBERGER, LTD AND | § | |
| VOLSTAD MARITIME AS | § | 215TH JUDICIAL DISTRICT |

**DEFENDANT VOLSTAD MARITIME AS'**
**SPECIAL APPEARANCE AND SUBJECT THERETO,**
**ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED PETITION**

COMES NOW Defendant, Volstad Maritime AS (hereinafter sometimes referred to as "Defendant"), and files this, its Special Appearance and, expressly subject thereto, its Original Answer in response to Plaintiff's Second Amended Petition. In support thereof, Defendant would respectfully show unto the Court the following:

**I.**
**SPECIAL APPEARANCE**

1.       Volstad Maritime AS asserts this Special Appearance pursuant to Texas Rule of Civil Procedure 120a, arguing that this Court does not have personal jurisdiction over the Defendant.

2.       This case arises out of Plaintiff Samantha Sanders' claims that she sustained personal injuries during the course and scope of her service as a marine mammal observer on the M/V GECO TAU on or about October 1, 2013.

3.       The causes of action alleged by Plaintiff neither arise from, nor are they connected with, purposeful acts or transactions that Volstad Maritime AS has performed in Texas, if any, which would subject it to personal jurisdiction in the Texas courts. There is no substantial connection between Volstad Maritime AS' activities in Texas, if any, and the substance of this litigation and/or the forum state.

22676♦5PCJC3105

4.      Volstad Maritime AS is a foreign business entity with its principal place of business in Norway.  It is not a resident of Texas and has not purposefully performed any act or transaction in Texas sufficient for the Court to exercise personal jurisdiction over it.

5.      Volstad Maritime AS has not purposefully availed itself of the privilege of conducting activities within Texas and, as a result, has not invoked the benefits or protections of its laws. Additionally, Defendant has not established the requisite minimum contacts with Texas such that it would have fair warning that a particular activity might subject it to jurisdiction in a Texas court.

6.      The exercise of personal jurisdiction over Volstad Maritime AS would also offend traditional notions of fair play and substantial justice, in violation of the United States Constitution and Texas law.  *See, e.g.,* U.S. CONST. amend. XIV, §1 and TEX. CIV. PRAC. & REM. CODE ANN. §17.041 *et seq.*

7.      Volstad Maritime AS will supplement this pleading with affidavit(s) to establish and verify the foregoing facts and to establish and verify facts not apparent from the record.

## II.
## ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED PETITION, <u>SUBJECT TO SPECIAL APPEARANCE</u>

Expressly subject to and without waiving the foregoing Special Exceptions, Volstad Maritime AS answers Plaintiff's Second Amended Petition as follows:

## <u>A.  GENERAL DENIAL</u>

1.      Defendant generally denies the allegations in Plaintiff's Second Amended Petition, pursuant to Rule 92 of the Texas Rules of Civil Procedure.

## B.  OTHER DEFENSES

2.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff was not a seaman within the meaning of the Jones Act or general maritime law.

3.      For further answer, if such be necessary and without waiving the foregoing, the vessel was not unseaworthy as alleged.

4.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff does not have a cause of action for unseaworthiness.

5.      For further answer, if such is necessary and without waiving the foregoing, Defendant is not liable in the capacities in which it was sued.

6.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff's sole remedy for work related injuries is provided by the Federal Employees Compensation Act.

7.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff's Second Amended Petition fails to state a claim against Defendant upon which relief can be granted.

8.      For further answer, if such is necessary and without waiving the foregoing, the Plaintiff herein was not injured as alleged and has not suffered the damages and/or disabilities claimed herein.

9.      For further answer, if such is necessary and without waiving the foregoing, the Plaintiff's alleged injuries and damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Defendant.

10.     For further answer, if such is necessary and without waiving the foregoing, the Plaintiff's alleged injuries and damages, if any, were proximately caused by Plaintiff's own contributory negligence/comparative fault.

11.     For further answer, if such is necessary and without waiving the foregoing, the Plaintiff's alleged injuries and damages, if any, are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions unrelated to the alleged incident herein and for which Defendant has no legal liability.

12.     For further answer, if such is necessary and without waiving the foregoing, the Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of other parties to this case, third parties and/or by instrumentalities for which Defendant is not legally responsible.

13.     For further answer, if such is necessary, and without waiving the foregoing, Plaintiff has not been injured and/or sustained damages to the extent alleged, and Plaintiff's ability to return to gainful employment has not been significantly diminished, if at all, by the alleged injuries made the basis of suit herein.

14.     For further answer, if such is necessary and without waiving the foregoing, the Plaintiff failed to mitigate her damages, if any.

15.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by an independent, superseding, and/or intervening cause(s) for which Defendant has no legal liability.

16.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's recovery of medical and or healthcare expenses incurred is limited to the lesser of the

usual and customary charges for reasonable and necessary expenses or the amount actually paid or incurred by or on behalf of the Plaintiff under Texas Civil Practice & Remedies Code §41.0105.

17.     For further answer, if such is necessary and without waiving the foregoing, Defendant asserts the evidentiary requirements set forth in the Texas Civil Practice & Remedies Code §18.091 with regards to loss of earnings and loss of earnings capacity.

18.     For further answer, if such is necessary and without waiving the foregoing, if Defendant is found liable to Plaintiff in any amount, it is entitled to a credit or set-off for any and all sums Plaintiff has received in the way of any and all settlements.  In the alternative, Defendant asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or Plaintiff.

### C.  EXEMPLARY DAMAGES

19.     Without waiving any other defenses and for further answer, Defendant answers any allegations of malice and exemplary or punitive damages as follows:

a.      In *Exxon Shipping Company v. Baker*, a maritime pollution case, the United States Supreme Court held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages. While denying that punitive damages are available to Plaintiff in this matter, or that Baker applies to a maritime personal injury action, any award of exemplary and/or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

b.      Defendant invokes and relies upon the limitations placed upon an award of exemplary damages as set forth in Texas Civil Practice & Remedies Code §41.008.  In the unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of

that allowed by Texas Civil Practice & Remedies Code § 41.008,  this Honorable Court should reduce and reform the judgment such that the caps and limitations set forth in Texas Civil Practice & Remedies Code § 41.008 are not exceeded.

c.    In addition to the limitations and caps set forth above, Defendant herein relies upon the entirety of Texas Civil Practice & Remedies Code § 41, including, but not limited to, statutory provisions set forth therein providing for the proper clear and convincing burden of proof as to alleged punitive damages, and for the appropriate definition of gross negligence to be submitted to the trier of fact.

d.    Plaintiff's claim for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution.

e.    Plaintiff's claim for malice and punitive or exemplary damages should be proved beyond a reasonable doubt.

f.    Exemplary or punitive damages cannot be awarded against Defendant, because, in part, Defendant will be placed twice in jeopardy for the same alleged conduct in violation of the United States and Texas Constitutions.

g.    Plaintiff's claim for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

h.    Plaintiff's claim for malice and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

i.      Plaintiff's claim for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all twelve jurors.

j.      Plaintiff's claim for malice and exemplary or punitive damages should not be assessed, in part, because defendants who are subject to exemplary or punitive damages do not have the right to refuse to testify against themselves, but in fact must take the stand and/or give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

k.      Plaintiff's claim for malice and exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards and, therefore, the standard is unduly vague and does not meet the requirements of due process.

l.      Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to the Plaintiff's claim for malice and exemplary or punitive damages, but Defendant receives none of the basic rights afforded to a criminal defendant when being subjected to possible criminal penalties.

m.      There can be no award for punitive or exemplary damages, because, at a minimum, Defendant exercised some care, and in fact was not even negligent.

n.      Allowing the recovery of exemplary or punitive damages, if any, within a cap provided under the Texas Civil Practice and Remedies Code is arbitrary, unreasonable, and excessive, and in violation of the United States and Texas Constitutions.

## D.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Volstad Maritime AS prays that all of Plaintiff's claims against it be dismissed, or in the alternative that upon final hearing judgment be entered that Plaintiff take nothing by this suit against Volstad Maritime AS, and that Volstad

Maritime AS be awarded its costs incurred in the defense of this action, and all other and further relief to which Volstad Maritime AS may be entitled.

Respectfully submitted,

/s/ Robert L. Klawetter

Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
808 Travis Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant,*
*Volstad Maritime AS*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

Unofficial Copy Office of Christie Daniel District Clerk

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **9**th day of **March, 2015**.

*Via ProDoc and facsimile*
Michael E. Pierce
M. Paul Skrabanek
Pierce Chapman Skrabanek Bruera, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Facsimile: (832) 575-4840
E-mail: michael@pcsblaw.com
      paul@pcsblaw.com

*Via ProDoc and facsimile*
Michael D. Mitchell
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
Facsimile: (713) 655-0020
E-mail: michael.mitchell@ogletreedeakins.com

*Via ProDoc and facsimile*
Michelle D. Pector
Cody T. Vasut
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Facsimile: (713) 751-1717
E-mail: mpector@bakerlaw.com
      cvasut@bakerlaw.com

/s/ *Robert L. Klawetter*

Robert L. Klawetter